**State of Vermont**
**Superior Court—Environmental Division**

=====================================================================
# ENTRY REGARDING MOTION
=====================================================================

**In re Caleb Temple dba Kirby Mtn Landscaping**          **Docket No. 107-8-11 Vtec**
**(Appeal of Zoning Board of Adjustment Conditional Use Approval)**

Title: Appellants' Motion for Partial Summary Judgment (Filing No. 3)

Filed: April 19, 2012

Filed By: Appellants Alan McNaughton, Helene McNaughton, James Flaherty, and Laura
  Flaherty

Response filed on 5/25/12 by Applicant/Appellee Caleb Temple

Response filed on 5/29/12 by Town of Kirby

Title: Appellee's Motion for Partial Summary Judgment (Filing No. 5)

Filed: May 25, 2012

Filed By: Applicant/Appellee

Response filed on 6/27/12 by Appellants


 X  Granted (each, in part)          X  Denied (each, in part)          ___ Other

Alan McNaughton, Helene McNaughton, James Flaherty, and Laura Flaherty
(Appellants) have appealed a decision by the Town of Kirby Zoning Board of Adjustment
(ZBA) granting conditional use approval to Caleb Temple d/b/a Kirby Mountain Landscaping
(Applicant) to use his property to operate a landscaping business, a sanding and snow plowing
business, and a firewood business. Appellants filed a motion for partial summary judgment
and Applicant responded with a cross motion for partial summary judgment. The Town of
Kirby (Town) filed a memorandum opposing Appellants' motion.

A court may only grant summary judgment to a moving party when the party
demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled
to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). In considering cross-motions
for summary judgment, we give each party the benefit of all reasonable doubts and inferences.
City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M.
Burlington Co., 155 Vt. 44, 48 (1990)). We "accept as true the [factual] allegations made in
opposition to [each] motion for summary judgment, so long as they are supported by affidavits
or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see
V.R.C.P. 56(c). The factual allegations necessary for the Court's resolution of the motion are to
be presented in statements of material facts included in a party's filing. See V.R.C.P. 56(c)(1).
We review the pending cross motions with this standard in mind.

Appellants request summary judgment on Questions 1, 2, 3, 6, and 7 from their
Statement of Questions. Applicant seeks summary judgment on these Questions plus

Questions 12, 13, and 14. We address the Questions in three groups, starting with Questions 1, 2, and 3.

### Discussion

I. Questions 1, 2, and 3

Questions 1, 2, and 3 concern site plan approval. Appellants argue that Applicant's proposed project requires site plan approval under the Town of Kirby Zoning Regulations (Regulations) and that Applicant cannot receive a "conditional use permit" without obtaining site plan approval first. (Appellants' Mot. for Partial Summ. J. 7, filed Apr. 19, 2012). Applicant cites to this Court's decision in In re Appeal of Miserendino to support his argument. No. 85-5-99 Vtec (Vt. Envtl. Ct. Aug. 3, 1999) (Wright, J.). The Town agrees that the Regulations require Applicant's project to receive site plan approval. The Town goes on to argue, however, that the ZBA necessarily granted site plan approval when it granted conditional use approval because all of the considerations required for site plan approval must be addressed during conditional use review. Applicant appears to agree with the Town's understanding of conditional use review and also asserts that he submitted a complete site plan as an attachment to his application.

Because our analysis here requires interpretation of the Regulations, we first explain the standard we apply when engaging in such interpretation. Just as we do when interpreting legislative statues, for municipal ordinances, we "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. Id. Because our paramount goal in interpreting an ordinance is to give effect to the intent of the relevant legislative body, we accept the plain meaning of the words unless doing so would make a provision ineffective or create irrational results. Cf. Town of Killington v. State, 172 Vt. 182, 189 (2001) (discussing this rule in the context of statutory interpretation).

A. Question 1

Question 1 asks if Applicant's proposed project requires site plan approval. Regulations § 14.08 explicitly states that it is the Town of Kirby Planning Commission, not the ZBA, that grants site plan approval and that such approval is necessary for "any use other than Single Family Dwelling, Two Family Dwellings and Accessory Dwelling Units located within a Single Family Dwelling." Because no party asserts that Applicant's proposed uses falls within the listed exceptions, we conclude that Applicant's proposed uses requires site plan approval from the Planning Commission. We further conclude that nothing in Regulations § 14.08 relating to site plan approval indicates that the ZBA's grant of conditional use approval can constitute or substitute for site plan approval. We have identified no provision in the Regulations which would mediate the plain language of Regulations § 14.08 stating that the Planning Commission is the body that engages in site plan review.

Because we do not have before us the appeal of a decision by the Planning Commission granting Applicant site plan approval, we cannot address whether Applicant is entitled to such approval. Thus, we answer Question 1 in the affirmative, **GRANTING** summary judgment to Appellants and **DENYING** summary judgment to Applicant.

B. Questions 2 and 3

Questions 2 and 3 are similar, essentially asking whether the ZBA, and presumably, this Court on appeal, can issue a "permit" to Applicant prior to Applicant obtaining site plan approval. (Statement of Questions 1, filed Aug. 22, 2011.) The ZBA decision on appeal grants Applicant a "conditional use permit" but does not direct the Town's zoning administrator to issue a zoning permit to Applicant. In re Caleb Temple d/b/a Kirby Mountain Landscaping, Conditional Use Permit and Order Vacating Cease and Desist, at 8–9 (Town of Kirby Zoning Bd. of Adjustment Aug. 1, 2011).

Looking to the Regulations, we have already concluded, that Regulations § 14.08 requires Applicant to obtain site plan approval from the Planning Commission for the uses he proposes. We further note that, under Regulations § 14.06, which addresses conditional use approval, the Town's zoning administrator is prohibited from issuing a "zoning permit" for allowed conditional uses unless the ZBA grants "conditional use approval." Regulations § 14.02.B concerns the issuance of "zoning permit[s]" by the zoning administrator and § 14.02.A states that "[n]o development may be commenced within Kirby without a zoning permit," development being defined elsewhere in the Regulations to include a change in the use of a property or the building and structure thereon. See Regulations Appendix A.

No party is disputing that Applicant's proposed project constitutes development. Thus, under the plain language of Regulations § 14.02, Applicant needs a zoning permit in order to move forward with his plans. According to Regulations § 14.06, Applicant needs conditional use approval from the ZBA before he can be issued a zoning permit from the Town's zoning administrator. He also separately needs site plan approval from the Planning Commission under § 14.06.

Part of the confusion here may be that § 14.06 does not explicitly indicate that site plan approval must be obtained from the Planning Commission before the Town's zoning administrator can issue the applicant a zoning permit. Reading the Regulations as a whole, however, we conclude that this sequence and requirement is implicit. To interpret the Regulations to allow an applicant to obtain a zoning permit without site plan review where such review is required under the Regulations would defeat the purpose of site plan review and seem to threaten the integrity of the Regulations. We will not assume the Town's legislative body intended such a result.

The major disagreement by the parties, however, may simply be due to the terminology employed by ZBA in its decision. It appears that both Applicant and Appellants believe the ZBA's decision either effectively gave a zoning permit to Applicant or allowed the Town's zoning administrator to do so. In its decision, the ZBA granted a "conditional use permit" to Applicant. Caleb Temple, Conditional Use Permit and Order Vacating Cease and Desist, at 8–9 (emphasis added). There is no reference in the Regulations to a conditional use "permit"; there are only references to conditional use approval and zoning permits. See Regulations §§ 14.02, 14.06. Thus, we understand the ZBA's decision to grant conditional use approval to Applicant. Additionally, there is nothing in the ZBA's decision directing the Town's zoning administrator to issue a zoning permit to Applicant nor indicating that the ZBA thought it was, itself, issuing a zoning permit.

We ultimately agree with Appellants that the situation here is analogous to the situation in Appeal of Miserendino, but we ultimately disagree with their assertion that this conclusion necessitates voiding the ZBA's conditional use approval. In Appeal of Miserendino this Court had on appeal before it the Town of Warren zoning board of adjustment's decision granting conditional use approval to an applicant as well as the issuance of a zoning permit to applicant by the municipality's zoning administrator. No. 85-5-99 Vtec, slip op. at 2, 4. Similar to our conclusions in the case at hand, in Appeal of Miserendino the Court concluded that the Town of Warren's ordinance required the applicant to obtain site plan approval from the planning commission and conditional use approval from the zoning board of adjustment before the applicant could receive a zoning permit from the zoning administrator. Id., slip op. at 4. Following this conclusion, the Court vacated the zoning administrator's issuance of the zoning permit, but went on to consider the merits of the conditional use application. Id., slip op. at 4–5.

We take a similar action here, in response to Questions 2 and 3 from Appellants' Statement of Questions, as we did in Appeal of Miserendino. The ZBA's decision, to the extent that it grants conditional use approval, is not void. We will consider the merits of Applicant's conditional use application as challenged by Appellants' Questions remaining after our ruling on the pending cross motions. We clarify, however, that the ZBA's decision does not constitute or substitute for site plan approval from the Planning Commission's, nor does it provide Applicant with a zoning permit for his proposed project. To the extent that the Town's zoning administrator has issued a zoning permit to Applicant following the ZBA's decision granting conditional use approval, or the Town has treated the ZBA's decision as the issuance of a zoning permit, that zoning permit is vacated.

Because Questions 2 and 3 challenge the validity of the ZBA's decision, we loosely characterize our conclusion here as **GRANTING** summary judgment to Applicant and **DENYING** it to Appellants on these Questions. We refrain from answering the Questions with a yes or no, however, because their reference to a "permit" prevents a simple answer; instead, we direct the parties to the above paragraph for our detailed response to Questions 2 and 3. (Statement of Questions 1, filed Aug. 22, 2011.)

II. Questions 6 and 7

Questions 6 and 7 ask whether one of Applicant's proposed uses, a firewood business, falls within the definition of "forestry processing," "agricultural processing," or neither. The ZBA's decision categorizes the use as agricultural processing, a conditional use in the overlying zoning district, the Town's Residential District.

Appellants seek summary judgment on these Questions, arguing that Applicant's proposed use is akin to "forestry processing," a prohibited use in the Residential District. Applicant disagrees, arguing that his proposed use falls within agriculture, agricultural process, or light commercial, all permitted or conditional uses in the Residential District.

Neither party seeking summary judgment on Questions 6 and 7 has provided the Court with enough facts in their statements of material facts for us to conclude that there are indeed no disputed material facts. Therefore, there is no way to determine whether one of the parties is entitled to judgment as a matter of law based on the undisputed material facts. Although the parties have provided some helpful commentary in their memoranda, because they did not incorporate the commentary as specific factual allegations in their respective statements of

undisputed material facts, the parties have failed to provide notice to each other of what specific facts they are asserting and deprived each other of the opportunity to respond directly with either assent to or disagreement with specific facts. Because both parties have failed to provide the Court with the necessary material facts to address Questions 6 and 7, we **DENY** both parties summary judgment on these Questions.

III. Questions 12, 13, and 14

A. Question 12

Question 12 asks whether the ZBA, in its decision granting conditional use approval, should have vacated a cease and desist order issued to Applicant. Applicant argues that he is entitled to summary judgment on this Question because the ZBA decision to vacate the order is a discretionary ruling and there is no indication that the order went into effect prior to the ZBA's hearing on Applicant's application for conditional use approval.

The ZBA's decision on appeal in this matter includes a description of the cease and desist order in its procedural history section. The decision on appeal indicates that the ZBA previously sent Applicant an order to show cause why the use to which he was putting his property did not require a zoning permit. At the subsequent hearing on the order to show cause the ZBA concluded that Applicant's property uses required a zoning permit. The decision on appeal goes on to state the following:

> The ZBA voted unanimously to issue an order to cease and desist to Caleb Temple, that he must cease all commercial ventures on the Property or face fines and penalties. The ZBA told Mr. Temple verbally at the hearing that if he applied for a zoning permit in a timely fashion it might rescind the order to cease and desist and waive some or all of the fines.
>
> Before the ZBA issued a written order to cease and desist, Mr. Temple submitted the present zoning application.

Caleb Temple, Conditional Use Permit and Order Vacating Cease and Desist, at 2. The ZBA's decision concludes that "[t]he order to cease and desist is hereby vacated and replaced by this conditional use permit." Id., at 9.

Based on the ZBA's description of its cease and desist order, we understand the order to fall within the universe of notices of ordinance violations that are addressed in 24 V.S.A. § 4451(a) and that a municipality must issue to an out-of-compliance individual before the municipality can seek penalties from such an individual. According to the ZBA, the order here gave Applicant an opportunity to cure the zoning violation by submitting a timely zoning permit application. In the decision on appeal before us, the ZBA either rescinded its decision to issue the order or vacated the order.

We view Appellant's Question 12 to effectively challenge not the original decision of the ZBA to issue a Cease and Desist Order against Applicant, as that decision was not timely appealed by either party Rather, Question 12 challenges either the ZBA's decision to not issue a final order in the manner described in 24 V.S.A. § 4451(a), or the ZBA's decision to consider Applicant's current application a cure to the alleged violation, thereby vacating the order. Because the Court cannot determine, from the record before us, whether the ZBA issued a final order in accordance with 24 V.S.A. § 4451(a), we **DENY** Applicant summary judgment on Question 12 and will take up the parties' arguments at trial.

### B.  Question 13

Question 13 asks whether a ZBA decision to "allow a large commercial building along the Kirby Ridge Road" violates the Town of Kirby Town Plan.  (Statement of Questions 2, filed Aug. 22, 2011.)  Applicant argues that his current application does not include a proposal for a building so he is entitled to summary judgment on Question 13.  Because the record before us does not indicate that the application before the ZBA, and now before us in this appeal, includes the proposal for a building, we agree with Applicant and conclude that Question 13 must be **DIMISSED** as outside the scope of this appeal.

### C.  Question 14

Question 14 asks "[w]hether the decision of the Zoning Board of Adjustment in providing for screening violates the objective of the Kirby Town Plan to keep open the viewshed of the Kirby Ridge Road?"  (Statement of Questions 2, filed Aug. 22, 2011.)  Applicant asks for summary judgment on this Question, arguing that the Town Plan only includes aspirational goals that are not enforceable against Applicant and that cannot prevent Applicant from obtaining conditional use approval.

It is the Court's assumption that Appellants' Question 14 references the following condition that the ZBA included in its decision granting conditional use approval:

> Mr. Temple shall finish planting trees to help screen the view from the Flaherty's property into the area around Mr. Temple's existing shed, and the area where he will maintain his log pile.  Mr. Temple shall have full discretion [as to] what type of trees and shrubs to plant, and where to plant them, but he shall create a barrier that softens the visual impact of the working areas of his property from the view point of the Flahertys.

Caleb Temple, Conditional Use Permit and Order Vacating Cease and Desist, at 8.  The ZBA imposed this condition in connection with its analysis of the conditional use criterion addressing the character of the area affected by Applicant's proposed project.  See id., at 4–5.

While Question 14's focus on the propriety of the ZBA's inclusion of this condition is not within the scope of our review in this de novo appeal, we can consider the propriety of requiring the condition in our final decision, should we determine conditional use approval is warranted.  See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'") (quoting In re Poole, 136 Vt. 242, 245 (1978)); In re Torres, 154 Vt. 233, 235 (1990) (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader.").  Thus, we will exercise our discretion and allow Question 14 to remain, understanding it to ask whether the Court's imposition of this condition would violate the Town Plan.

It is the responsibility of the moving party to demonstrate to the Court that the undisputed facts entitle the party to judgment as a matter of law.  Applicant has not done that here—he has failed to provide the Court with both the facts necessary for the Court to understand the context for the challenged condition and a copy of the Town Plan against which we can consider the challenged condition.  While it appears that the challenged condition was imposed by the ZBA as a way to screen the neighbors' view of the activities that are at the centerpiece of Applicant's application, rather than to block the neighbor's view of some other

point, without undisputed facts to explain the condition's context and the relevant provisions in the Town Plan, we must **DENY** Applicant summary judgment on Question 14.

### Conclusion

As discussed in more detail above, our decision here addresses Questions 1, 2, 3, 6, 7, and 13 from Appellants Statement of Questions. A Discovery Hearing has been scheduled for this matter on September 18. The parties should be prepared to discuss the Motion for Protective Order and any other matters that need to be resolved prior to trial.


_____          _____September 5, 2012_____
             Thomas G. Walsh, Judge                                    Date
===========================================================================
Date copies sent: _____                          Clerk's Initials: _____

Copies sent to:

  Steven A. Adler, Attorney for Applicant/Appellee Caleb Temple

  Thomas R. Paul, Attorney for Town of Kirby

  Charles D. Hickey, Attorney for Appellants Alan McNaughton, Helene McNaughton, Jeremy Flaherty, and Laura Flaherty