**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Whiteyville Properties, LLC**                     **Docket No. 179-12-11 Vtec**
**(Appeal of City of Burlington DRB decision)**

Title: Motion for Summary Judgment (Filing No. 2)

Filed: May 15, 2012

Filed By: Whiteyville Properties, LLC

Opposition to Motion filed on 6/18/12 by City of Burlington

Response to Opposition filed on 7/2/12 by Whiteyville Properties, LLC

Reply to Response to Opposition filed on 7/24/12 by City of Burlington

Response to Reply to Response to Opposition filed on 8/3/12 by Whiteyville Properties, LLC


___ Granted              _X_ Denied                  ___ Other

Currently before the Court is Whiteyville Properties, LLC's ("Applicant") motion for summary judgment on its own Statement of Questions related to its property at 26 Summit Street in the City of Burlington ("the City"). This property is located in a Low Density Residential Zoning District ("RL District") and it contains two duplexes, for a total of four dwelling units. At issue is one of these four units, for which the City of Burlington Development Review Board ("DRB") denied conditional use approval to exceed the residential occupancy limit of four unrelated adults per dwelling unit. The DRB additionally denied Applicant's request to expand onsite parking. Applicant desires to have and rent out six, rather than four, bedrooms in one of the dwelling units.

In asking whether the DRB erred by requiring a management plan and by ultimately denying its request, Applicant mistakenly frames the legal issues in its Statement of Questions as if this Court were reviewing the DRB's decision on-the-record. Burlington is not an "on-the-record" municipality, thus our review here is de novo.[1] In a de novo review, the Court does not consider the propriety of any previous decision; rather, we review the application anew as to the specific issues raised in the statement of questions. See <u>Chioffi v. Winooski Zoning Board</u>, 151 Vt. 9, 11 (1989) (quoting <u>In re Poole</u>, 136 Vt. 242, 245 (1978)) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'").

---

[1] See 24 V.S.A. § 4471(b) (detailing the steps a municipality must take to afford its land use determinations on-the-record appellate review) and 10 V.S.A. § 8504(h) (requiring the Environmental Division to conduct a de novo hearing of the issues appealed except in the context of on-the-record appeals); V.R.E.C.P. 5(g).

A court conducting a de novo review may hear issues on summary judgment; de novo review is not, as Applicant appears to conceptualize it, an alternative to summary judgment. (Applicant's Resp. to City's Opp. to Summ. J. at 3, filed Jul. 2, 2012). [2]

We will grant summary judgment to the moving party (here, Applicant) if the party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must give the non-moving party (here, the City) the benefit of all reasonable doubts and inferences and "accept as true the [factual] allegations made in opposition to the motion for summary judgment." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c). In claiming that a material fact is undisputed or disputed, parties must support their assertions with citations to admissible evidence. V.R.C.P. 56(c)(1). See Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence").

We understand Applicant seeks to present the legal question of whether its request "to make one [duplex] unit . . . a 6-bedroom unit and [to expand] the parking lot" complies with the City's required conditional use standards.[3] Applicant's Statement of Questions at 1, filed Dec. 19, 2011. The purpose of conditional review is "to provide for a more detailed consideration of development proposals which may present a greater impact on the community" and to ensure that "projects of major significance or impact receive a comprehensive review under established criteria" and that "the city's natural, physical and fiscal resources and city services and infrastructure are adequate to accommodate the impact of such developments, both individually and cumulatively." CDO § 3.5.1. Conditional use approval may be granted only upon a determination that the proposed use will not result in an undue adverse effect on several factors, including the character of the area affected (here, a specific neighborhood within a zone "intended primarily for low-density residential development in the form of single detached dwellings and duplexes," CDO § 4.4.5(a)(1)) and other standards set forth in existing City bylaws and city and state ordinances, such as nuisance standards.

Applicant has failed to present sufficient undisputed material facts for this Court to conclude as a matter of law that Applicant is entitled to summary judgment. In order to gauge a project's impact upon the community in which it is proposed, we must begin with evidence describing that community. Applicant's original filings included insufficient evidence of the character of the affected area and whether the proposed six-bedroom unit would have an undue adverse effect on that character or violate nuisance standards or other regulations. Applicants' subsequent affidavits purporting to describe the surrounding neighborhood (Aff's of Michael Johnson and Eric Hanley, filed July 2, 2012), contain assertions that the City, in turn, disputes with evidence of its own (Aff. of Scott Gustin, filed Jul. 24, 2012; Attachment C, filed Jul. 24, 2012). Given these disputed material facts, we may not render summary judgment in

---

[2] We encourage Applicant to include page numbers in its future filings. Also, a party need not, when making a supplemental filing, repeat the factual representations and other statements made in its initial filing.

[3] Subject to conditional use approval, more than four unrelated adults may occupy a dwelling unit in the RL district if the unit meets minimum dimensional and parking standards. CDO § 4.4.5(d)[emphasis added]. The DRB found that Applicant's six-bedroom proposal, with its proposed additional parking, does meet these basic dimensional and parking requirements. Although Applicant spends considerable time emphasizing its compliance with these criteria, such compliance does not automatically entitle Applicant to approval. The project must additionally pass conditional use review.

Applicant's favor on the question of whether the project complies with the conditional use standards.

Additionally, in considering a project under conditional use criteria, the review by the DRB—and this Court acting in its place[4]—is not limited to dimensional standards and submission requirements. Rather, applications subject to conditional use review "shall provide any additional information necessary for the adequate review of the proposal under [applicable criteria]." CDO § 3.5.4. Moreover, the reviewing body "may attach such additional reasonable conditions and safeguards, as it may deem necessary to implement the purposes of this chapter and the zoning regulations." CDO § 3.5.6(a)(15). We "may require suitable mitigation measures" where necessary "to maintain the property in a character in keeping with the surrounding area." CDO § 3.5.6(a)(10). These provisions guide and give us the authority to require, among other things, a management plan for the property. Once we receive the evidence presented at trial both for and in opposition (if any) to the application, we will determine whether to require Applicant to provide and follow a management plan that provides a specific explanation of how Applicants intend to ensure that the improved property meets the conditional use criteria within the RL district and specific neighborhood at issue. Given the concerns that have been thus far presented, we recommend that Applicant be prepared to submit a management plan at trial and to explain how that plan will assure that the impact from its expansion will not be adverse to the surrounding area. Satisfying such a standard is required for conditional use review approval in this case.

Finally, we briefly address Applicant's plan to expand parking. From the plan submitted, it appears that the current lot contains six spaces with ground coverage of 2,663 square feet and that Applicant proposes to devote an additional 2,844 square feet to parking, so that a total of 13 spaces may be accommodated. (Exhibit 4, filed May 15, 2012 with Applicant's Mot. for Summ. J.). Applicant and the City disagree as to whether the proposal to expand parking should be considered independently or in conjunction with Applicant's proposal to increase the bedrooms in one of the dwelling units. Based upon the facts Applicant has presented in support of its summary judgment, we cannot conclude that Applicant's proposed parking expansion complies with the CDO as a matter of law. We conclude that this legal issue can only be resolved through a trial.

The CDO mandates that parking spaces in the Neighborhood Parking District may not exceed 125% of the minimum required spaces for all enumerated uses in Table 8.1.8-1. CDO § 8.1.9. That table requires two spaces per dwelling unit for duplexes. This property contains two duplexes: four dwelling units. Thus, the CDO mandates a minimum of eight and maximum of ten (that is, 125% of eight) parking spaces for the property in its current configuration. Applicant's proposal of 13 spaces for the property with its current configuration and uses would therefore not conform to the CDO. Applicant argues that because the CDO's discussion of maximum parking spaces includes the statement, "In no case shall the maximum number of required spaces be less than one (1) per unit of measurement (beds, units, 1000 gross sq ft, etc.) for the use," the property should be allowed to have fourteen parking spaces "since there are currently fourteen bedrooms." (Applicant's Resp, to City's Opp. to Summ. J. at 3, filed July 2, 2012). The unit of measurement for duplexes is clearly "per unit unless otherwise

---

[4] A court conducting a de novo review of a DRB decision stands in the place of the DRB; it possess the same authority as the DRB. In re Torres, 154 Vt. 233, 235 (1990).

noted." Table 8.1.8-1. Applicant's contention that the property as currently configured could have fourteen parking spaces is based upon an incorrect interpretation. The "unit" upon which the CDO calculates parking spaces is dwelling units, not beds. As explained above, and unless the material issues are resolved differently at trial, it appears to the Court at this stage that the CDO will not authorize the property in its current configuration to host more than ten parking spaces.

As to the legality of Applicant's proposal for parking expansion in conjunction with Applicant's proposal to increase the bedrooms, we will consider that issue along with the conditional use review at trial.

For the reasons stated above, we **DENY** Applicant Whiteyville Properties, LLC's motion for summary judgment.

_____          December 13, 2012

Thomas S. Durkin, Judge                         Date

======================================================================

Date copies sent: _____                     Clerk's Initials: _____

Copies sent to:

  Attorney Michael D. Johnson for Appellant Whiteyville Properties, LLC
  Attorney Kimberlee J. Sturtevant for City of Burlington
  Interested Person John Douglas
  Interested Person Eleanor Lanahan
  Interested Person Amanda Phillips
  Interested Person Briggs Phillips