STATE OF VERMONT
ENVIRONMENTAL COURT

In re Sweet Building Permit
(Appeal of Peters)

Docket No. 19-2-12 Vtec

### Decision on Motion to Alter

Appellant Ms. Darlene Peters moves to alter or amend the Court's December 12, 2012 decision on multiple motions. Appellees Robert and Linda Sweet oppose the motion to alter or amend. This matter is an appeal of the decision of the Town of Fletcher, Vermont Development Review Board (the DRB) to grant Applicants Robert and Linda Sweet a zoning permit to place a mobile home on Applicants' property. Appellant is an adjoining property owner.

## I.    The Legal Standard for Reconsideration

V.R.C.P. 54(b) provides that in the absence of a final judgment by this Court, any interlocutory decision adjudicating fewer than all of the claims of fewer than all the parties in an action "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In addressing a motion to alter made pursuant to Rule 54(b), we apply the legal standard applicable to ruling on a Rule 59(e) motion to alter or amend a final judgment. In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.). It is ultimately within the Court's discretion whether to grant a Rule 59 motion, and we have identified four principal reasons for doing so: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Granting a Rule 54(b) motion is viewed by this Court as an "extraordinary remedy." Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012).

With this standard in mind, we now consider Appellant's motion.

1

## II. Appellant's Motion to Alter our Dismissal of Questions 1, 2, and 3

Questions 1, 2, and 3 of Appellant's statement of questions raise the issues of whether the placement of a mobile home on the subject parcel is a violation of the municipal zoning ordinance, and whether the Town of Fletcher Zoning Administrator (the ZA) and DRB should have commenced an enforcement action against Applicants. In our December 12 decision, we dismissed Questions 1, 2, and 3 as outside the scope of this appeal. In her motion to amend, Appellant suggests that the Court's December 12 decision is incorrect or at least unclear as to the reasons for the Court's dismissal. Appellant also asserts that they raised Applicants' potential zoning violations in their notice of appeal to the DRB below. Thus, Appellant argues, the questions of potential violations and commencement of an enforcement action are properly before this Court on appeal.

In clarifying the Court's December 12 decision, we find that Appellant in this case has provided no evidence that she first raised the issue of potential zoning violations to the ZA or that the ZA failed or expressly declined to initiate an enforcement action. In cases such as this one, the jurisdiction of the DRB is limited to review of a "decision or act taken by" the ZA. 24 V.S.A. § 4465(a). In turn, this Court's jurisdiction is limited to the issues properly before the DRB. See In re Torres, 154 Vt. 233, 235 (1990) (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."); see also 24 V.S.A. § 4471. If the ZA neither initiates an enforcement action, nor declines to do so after a request for enforcement, then a party's attempts to raise the issue of potential zoning violations on appeal to the DRB or subsequently to this Court will be in vain, as it is outside the scope of the DRB's and this Court's jurisdiction.

Thus, we **DENY** Appellant's motion to amend or alter regarding our dismissal of Questions 1, 2, and 3, as we continue to conclude, based on the record before us, that the issue of potential violations is outside the scope of this appeal. We **AFFIRM** our December 12 conclusion that Questions 1, 2, and 3 are dismissed.

## III. Appellant's Motion to Alter our Dismissal of Question 11

Appellant's Question 11 asks "[w]hether the application for zoning permit #11-22 for placement of a mobile home on parcel 6b . . . contains material misrepresentations, including material omissions, in violation of Fletcher Zoning Bylaw 6.4(G)(3) and 24 V.S.A. § 4470a."

(Appellant's Statement of Questions at 3, filed March 7, 2012.)  In her motion to alter or amend, Appellant contends that the Court's December 12 decision incorrectly read Question 11 to ask whether Applicant made any material misrepresentations in the application submitted to this Court.  Rather, Appellant asserts that she is asking this Court to instead look at the application submitted to the DRB to determine whether that application contained misrepresentations of material facts.

24 V.S.A. § 4470a provides the DRB, or this Court on appeal, the power to reject an application if it contains material misrepresentations.  Bylaw 6.4(G)(3) also provides that a permit can be voided or that the applicant must reapply for a permit if the original permit was granted based on material misrepresentations.  While these provisions grant us the authority to reject or void a permit application for containing material misrepresentation, the provisions do not alter the *de novo* appeal process of this Court.  In a *de novo* appeal of an appropriate municipal panel's decision on a zoning permit application, this Court does not typically review the propriety of the actions taken by the panel below.  See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'") (quoting In re Poole, 136 Vt. 242, 245 (1978)).  Instead, we review the application anew to the extent that appellants raise specific issues in their statement of questions.  See id.; V.R.E.C.P. Rule 5(f) ("The appellant may not raise any question on the appeal not presented in the statement [of questions] as filed . . . .").

Accordingly, to the extent that Question 11 asks whether the application before the DRB contained misrepresentations of material facts, we conclude that we have no authority to undertake such review.  Instead, while reviewing the application anew in the context of Appellant's Questions, we will assess the credibility and weight of the evidence presented in the upcoming *de novo* hearing.  See 10 V.S.A. § 8504(h); 24 V.S.A. § 4470a.  To the extent that Question 11 challenges the credibility of Applicants' presentation of evidence before this Court, the Question is unnecessarily duplicative of our procedural process in a *de novo* proceeding.  See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 3 (Vt. Envtl. Ct. Aug. 30, 2012) (Durkin, J) (dismissing a question because it was unnecessarily duplicative of the Court's process in a *de novo* trial).

We therefore **DENY** Appellant's motion to alter or amend our dismissal of Appellant's Question 11 as unnecessarily duplicative of our procedural process in a *de novo* proceeding. We accordingly **AFFIRM** our December 12 decision that Question 11 is dismissed.

We also note that Appellant's Question 12 remains before the Court for consideration during our upcoming merits hearing. Appellant's Question 12 asks whether an award of attorney's fees and costs is appropriate pursuant to 24 V.S.A. § 4470a, "due to the material misrepresentations and omissions in the application for zoning permit #11-22." (Appellant's Statement of Questions at 3, filed March 7, 2012.)

Although an award of attorney's fees and costs is permissible under 24 V.S.A. § 4470a, such award is only appropriate after notice and hearing on the issue and only in the event that the Court determines that the application contains material misrepresentations. Should we determine that the application before us contains a material misrepresentation, Applicant will be entitled to a hearing on any potential award of attorney's fees and costs to Appellant.

Done at Berlin, Vermont this 25th day of January, 2013.

Thomas G. Walsh,
Environmental Judge

4