**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   O R D E R**
======================================================================

**In re Bissig Subdivision Final Plat**                           **Docket No. 87-7-13 Vtec**
(Bissig Appeal of DRB Decision)

Title: Motion for Summary Judgment

Filed: October 16, 2013

Filed By: Applicant/Appellant Barbara Bissig

Response in Opposition filed by: Town of Cambridge (filed October 18, 2013)

Reply to Response: Barbara Bissig (filed October 22, 2013)

___ Granted                    _X_ Denied                    ___ Other

     Barbara Bissig (Applicant) appeals the decision of the Town of Cambridge Development Review Board (DRB) approving her two-lot subdivision Final Plat, but imposing certain conditions.  Pending before the Court is Applicant's motion for summary judgment, asking the Court to conclude that the following condition imposed by the DRB is invalid as a matter of law:

> To ensure the future use of adjoining properties accessed via rights of way through both lots in the project, the DRB **requires** coordination with adjoining landowners to establish and record deed language protecting the rights of way and road use agreements for both rights of way in case either is ever used as an access for either of the proposed lots. The final plat shall indicate the length and **minimum 50' width** of both existing rights of way[.]

In re: Barbara Bissig, Subdivision Plat Review, Findings and Decision, at 4 (Town of Cambridge Dev. Review Bd. June 10, 2013) (emphasis in original).

### Factual Background

     For the sole purpose of putting the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1.     Applicant's proposed Lot 1 comprises approximately 54 acres with frontage on Bartlett Hill Road.  An existing gravel drive stretches from Bartlett Hill Road due east across Lot 1 to the adjoining Freeman property.  The Freeman property has a right of way over this existing drive.   No evidence was presented that this private road serves another property.

2.     Applicant's proposed Lot 2 comprises approximately 10 acres with frontage on Bartlett Hill Road.  A separate existing gravel drive stretches from Bartlett Hill Road due east across Lot 2 to the adjoining McCray property.  The McCray property has a right of way over this existing drive.  No evidence was presented that this private road serves another property.

3.      Neither of the adjoining properties that are served by the existing drives over Lots 1 and 2 have frontage on a public road.  Thus, the easements over Applicant's Lots 1 or 2 serve as the principal access for these adjoining properties.

## Discussion

This Court will grant summary judgment where the moving party (here, Applicant) shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  The Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by admissible evidentiary material, and to give the non-moving party (here, the Town) the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

Section 4.07(C) of the Town of Cambridge Subdivision Regulations ("Regulations") provides that "[t]he DRB may require the set aside of rights-of-way for future development on the lot or adjacent properties."  Section 4.07 also provides that all proposed roads must be designed and constructed in accordance with the Town of Cambridge Highway Standards Ordinance, which includes road width provisions.  Id. at § 4.07(B).  Finally, the DRB, when considering a subdivision application and in consultation with the Selectboard, may require upgrading of existing roads for specified purposes, including for emergency vehicle access.  Id. at § 4.07(D).

Applicant argues that the DRB's apparent reliance on § 4.07 for the Final Plat condition is invalid because this section is limited to review of subdivisions with "proposed roads." Applicant asserts that the proposed subdivision includes existing gravel driveways but not proposed roads, and therefore § 4.07 does not apply.  Applicant also argues that the DRB has no authority otherwise to impose this condition and that the condition is invalid for lack of a sufficient guiding standard.

The Town of Cambridge (the Town) opposes the motion, arguing that the gravel drives in Applicant's proposed subdivision fit within the meaning of "road" in § 4.07 and that the DRB therefore has authority to impose the challenged condition.

The parties overlook that this is a *de novo* appeal.  10 V.S.A. § 8504(h).  In appeals of decisions by appropriate municipal panels, we review the evidence anew and decide whether the applicant has met its burden of showing that the proposed development conforms to the applicable regulations.  See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'") (quoting In re Poole, 136 Vt. 242, 245 (1978)).

In considering an application, our reach "is as broad as the powers of [the appropriate municipal panel], but it is not broader."  See In re Torres, 154 Vt. 233, 235 (1990).  While we may take any action on an application that the DRB could have taken in the first instance (provided the statement of questions raises the issue), a determination of the DRB's authority or the propriety of their conclusion is generally beyond the scope of our review.  See In re Freimour & Menard Conditional Use Permit, No. 59-4-11 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. June 6, 2012) (Durkin, J.).  Thus, we cannot conclude whether the condition imposed by the DRB is invalid as a matter of law.  Rather, our responsibility is to render our own determination of whether Applicant's proposed subdivision conforms to the applicable Regulations, or whether some condition needs to be imposed in order for us to conclude that the subdivision conforms.

We do not have the authority to consider whether the prior DRB conditional approval was appropriate. We therefore must **DENY** Applicant's motion for summary judgment.

In this de novo proceeding, we interpret Applicant's Statement of Questions to ask whether her April 15, 2013 Final Plat application should be approved without a condition similar to the condition imposed by the DRB. We are unable to conclude, on the facts currently before us, that Applicant has met the burden of demonstrating compliance with the applicable regulations. Nor can we determine at this stage in the proceedings whether the trial evidence will require this Court to impose some condition in order to approve the proposed subdivision. We therefore look forward to a merits hearing where all parties may present evidence on this issue.

In light or our ruling today, we conclude that this matter must proceed to trial. The Court Manager has set this matter for a conference on February 10, 2014 (see attached Notice of Hearing). The Court requests that the parties prepare for that conference by discussing whether any further necessary pre-trial discovery is needed, how long a full evidentiary hearing will take (particularly if it will be beyond one day), and when the parties will be prepared to conduct the trial.

_____          _____December 23, 2013_____
          Thomas S. Durkin, Judge                                        Date
=============================================================================
Date copies sent: _____                              Clerk's Initials: _____
Copies sent to:
     Attorney Chad V. Bonanni, for Applicant/Appellant Barbara Bissig
     Attorney Richard C. Sargent, for the Town of Cambridge