# Gregory Chioffi v. Winooski Zoning Board

[556 A.2d 103]

No. 87-100

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed January 13, 1989

*Jarvis & Kaplan*, Burlington, for Plaintiff-Appellant.

*William E. Wargo, City Attorney*, Winooski, for Defendant-Appellee.

*Jeffrey L. Amestoy, Attorney General*, and *Marilyn Signe Skoglund, Assistant Attorney General*, Montpelier, for amicus curiae State.

**Gibson, J.** Plaintiff appeals from a decision by the Chittenden Superior Court holding unconstitutional the de novo trial provision of 24 V.S.A. § 4472. We reverse.

## I.

The facts are not in dispute. Plaintiff sought a dimensional variance and conditional use approval prior to reconstructing a substantially fire-damaged structure in the City of Winooski. After a hearing, the Winooski Zoning Board (Board) denied plaintiff's request because plaintiff had not shown compliance with the conditional use criteria, and because, due to the lapse of more than twelve months following the fire, reconstruction rights under the city's zoning ordinance had expired. Under these circumstances, the minimum lot size provisions of the ordinance prohibited the proposed reconstruction.

Plaintiff appealed this decision to the Chittenden Superior Court pursuant to 24 V.S.A. § 4471. 24 V.S.A. § 4472(a) provides that such appeals shall be by trial de novo. After several cross motions for summary judgment had been denied, the Board sought a declaratory judgment from the court, asserting that the trial de novo provision of 24 V.S.A. § 4472(a) violated Chapter II, Section 5 of the Vermont Constitution. The court held that plaintiff was entitled to judicial review of the Board's decision, but not a de novo trial, and that the statute violated the constitutional principle of separation of powers. At the suggestion of the trial court, plaintiff returned to the Board to seek reconsideration of its decision in light of the court's ruling that a trial de novo would be unconstitutional. The Board refused to reconsider the matter, however, determining that for its purposes the matter was closed. Following the Board's decision, the trial court issued its opinion, and plaintiff appealed, alleging that the trial court erred in holding unconstitutional the de novo trial provision of 24 V.S.A. § 4472.[1]

---

[1] We note that no final order was ever issued by the superior court on the merits of the appeal taken to it. Technically, therefore, there is no final judgment, and the only proper avenue for this case to arrive at our doorstep is V.R.A.P. 5; however, there is no order from the trial court under V.R.A.P. 5 authorizing an interlocutory appeal. None of the parties have raised this issue. Nevertheless, because a remand of this case to the trial court would result in a useless act by the trial court if it were to pursue the course outlined in its decision by holding something less than a de novo trial, and in the interest of expediting a decision herein, we shall, on our own motion, suspend the provisions of V.R.A.P. 5 and allow the appeal of this matter to go forward at this time. V.R.A.P. 2.

## II.

■ Appeals from decisions of local zoning boards are governed by 24 V.S.A. § 4472(a), which provides that a party "shall be entitled to a de novo trial in the superior court."[2] A de novo trial "is one where the case is heard as though no action whatever had been held prior thereto." *In re Poole*, 136 Vt. 242, 245, 388 A.2d 422, 424 (1978). Thus, while the record of the Board hearing may be admitted as evidence, the superior court is not restricted to that record, nor is the court required to give deference to the Board's decision. The Board contends that this treatment of a Board decision unconstitutionally provides for the judiciary to exercise a legislative or executive function. We conclude that, in rendering its decision, the Board was performing a quasi-judicial function, see *Thompson* v. *Smith*, 119 Vt. 488, 508, 129 A.2d 638, 651 (1957) (zoning boards are quasi-judicial bodies having quasi-judicial functions and duties), and hold that, when a board of adjustment so acts, a trial de novo in the superior court is constitutionally permissible if the decision is appealed. See *McCammon* v. *Boyer*, 285 Ark. 288, 293, 686 S.W.2d 421, 424 (1985) (de novo trial on appeal is not unconstitutional when appeal is from action taken by administrative board exercising adjudicatory or quasi-judicial function); *Francisco* v. *Board of Directors*, 85 Wash. 2d 575, 578-79, 537 P.2d 789, 791 (1975) (same).

■ It is a fundamental principle of our form of government that the "Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Vt. Const. ch. II, § 5. This constitutional provision does not require an absolute separation of powers among the various departments or branches of government, because, of necessity, there is a certain amount of overlap of the powers exercised by the different branches. *Trybulski* v. *Bellows Falls Hydro-Electric Corp.*, 112 Vt. 1, 6, 20 A.2d 117, 119-20 (1941). When there is an overlap, with one branch exercising powers inherent to another branch, "these powers must be such as are incidental to the discharge of the functions of the department exercising them . . . ." *In re Constitutionality of House Bill 88*,

---

[2] We note that "de novo review," a procedure that might not require a retrial or extensive judicial record making, is not the standard required by the statute. For a discussion of "de novo review," see 2 C. Koch, Jr., *Administrative Law and Practice* § 9.3 (1985).

115 Vt. 524, 529, 64 A.2d 169, 172 (1949). The Board, in the instant case, asserts that a de novo trial unconstitutionally delegates the legislative function of determining zoning variances to the superior courts.[3] Cf. *Kennedy* v. *Chittenden,* 142 Vt. 397, 399, 457 A.2d 626, 627 (1983) (statute purporting to confer jurisdiction on superior court to hear and determine matters relating to elections to the Vermont House of Representatives is improper delegation of legislative powers to the judicial branch).

▆▆ A number of courts have examined this issue. The prevailing theory allows trial de novo of an administrative agency action if the agency operated in a quasi-judicial capacity in reaching its decision.

> In reviewing the law on judicial review of administrative action, the *constitutional* jurisdiction of the superior court on appeal from agency action is as follows: If the power exercised by an agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. If the administrative agency performs an essentially judicial function, the superior court, on appeal from a decision of the board, has, if there is a statute so permitting, the *constitutional* power to allow a trial de novo.

*Francisco,* 85 Wash. 2d at 578-79, 537 P.2d at 791 (emphasis added; citations omitted). A trial de novo is not presumed; it is only allowed where it has been specifically provided by statute. See *State of Vermont Department of Taxes* v. *Tri-State Industrial Laundries, Inc.,* 138 Vt. 292, 296, 415 A.2d 216, 219 (1980).

▆ This Court has previously held that zoning boards, in ruling on applications for special exceptions to a zoning ordinance, perform quasi-judicial functions. *Thompson* v. *Smith,* 119 Vt. at 508,

---

[3] Prior to the most recent amendment to 24 V.S.A. § 4472(a), this Court stated that a trial court may " 'not interfere with zoning or administrative action concerning special uses, variances, exceptions or non-conforming uses unless clearly unreasonable, irrational, arbitrary or discriminatory.' " *Clouatre* v. *Town of St. Johnsbury Board of Zoning Adjustment,* 130 Vt. 189, 193, 289 A.2d 673, 676 (1972) (quoting *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 319, 262 A.2d 472, 476 (1970)). In 1974, the provision authorizing a de novo trial in superior court was added to the statute. 1973, No. 255 (Adj. Sess.), § 3.

129 A.2d at 651. While there is a division of opinion over the issue, most jurisdictions have determined that administrative agencies adjudicating zoning variance issues are acting in a quasi-judicial manner. See, e.g., *Fasano* v. *Board of County Commissioners,* 264 Or. 574, 580, 507 P.2d 23, 26 (1973). But see, e.g., *Quinn* v. *Town of Dodgeville,* 122 Wis. 2d 570, 583-85, 364 N.W.2d 149, 157 (1985). In distinguishing legislative from judicial powers, "it is the nature of the act performed, rather than the name of the officer, board or agency which performs it, that determines its character." *Gawith* v. *Gage's Plumbing & Heating Co.,* 206 Kan. 169, 179, 476 P.2d 966, 973 (1970); see also *Ward* v. *Village of Skokie,* 26 Ill. 2d 415, 424, 186 N.E.2d 529, 533 (1962) (Klingbiel, J., concurring) ("It is not a part of the legislative function to grant permits, make special exceptions, or decide particular cases.").

In the instant case, the Board was performing a quasi-judicial function in determining the applicability of a valid city zoning ordinance to the facts of the case, i.e., in applying the law to the facts. See *Sorg* v. *North Hero Zoning Bd.,* 135 Vt. 423, 427-28, 378 A.2d 98, 102 (1977). In an appeal to superior court, the court is required by 24 V.S.A. § 4468(a) to apply certain specified criteria to the facts before it. These criteria are exactly the same as those the Board is required to apply. Thus, the court is restricted to its traditional judicial role of finding the facts and applying the law to the facts before it. The Legislature decided to authorize a trial de novo when there is an appeal to the superior court,[4] and although this procedure arguably results in an unnecessary duplication of time and resources, it is not unconstitutional.

We caution the trial courts, however, that their function in conducting de novo trials under 24 V.S.A. § 4472(a) is not to set policy for the municipalities. Although a court may be called upon to find such facts as "the appropriate use or development of adjacent property" and whether a variance would be "detrimental to the public welfare," 24 V.S.A. § 4468(a)(4), the court must resist the impulse to view itself as a super planning commission. These are determinations that verge on being legislative functions. See *In re Guerra,* 94 Vt. 1, 8, 110 A. 224, 227 (1920) (subject to constitutional limitations, the Legislature, in exercising its police

---

[4] The statute states that parties "shall be *entitled* to a de novo trial." 24 V.S.A. § 4472(a) (emphasis added). Conceivably, the injured party could request a lesser degree of scrutiny.

power, may pass measures for the general welfare of the state, "and is itself the judge of the necessity or expediency of the means adopted"); Comment, *Judicial Control Over Zoning Boards of Appeal: Suggestions for Reform*, 12 UCLA L. Rev. 937, 939-40 (1965) (duties of planning commissions are analogous to those of Legislature; "special competence of the courts is said to lie not in law making, but rather in interpreting the law and requiring that it conform to statutory or constitutional provisions.").

We remand the cause to the superior court for a de novo trial.

*Reversed and remanded.*