# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| **Appeal of Madden** | } | **Docket Nos:** |
|  | } | **105-6-04 Vtec (from 4/27/04 ZBA Decision)** |
|  | } | **119-7-04 Vtec (from 6/3/04 Planning Comm. Decision)** |

## Corrected
## Decision and Order

This appeal came up for a merits hearing on April 13, 2005. The Appellant, John A.G. Madden, appeared *pro se*. The Town of New Haven ("Town") participated in these proceedings through its attorney, James H. Ouimette. Appellee-Applicant State of Vermont, Department of Buildings & General Services ("State"), was represented by Attorneys William H. Rice and Jeff W. Lively. Appellee-Applicants Peter Norris, Sr. & Peter Norris, Jr. ("Norrises") were represented by Attorney Donald R. Powers. At times in this Decision, the State and the Norrises are collectively referred to as Appellee-Applicants.

Both pending appeals relate to the development of a parcel of land located on the easterly side of U.S. Route 7 in New Haven, Vermont. Docket #105-6-04 concerns an appeal of the New Haven Zoning Board of Adjustment ("ZBA") approval of the proposed project under the New Haven Zoning Ordinance. Since this project concerns a proposed State Police Barracks (i.e.: a facility to be owned and operated by the State, as contemplated by 24 V.S.A. §4409 (2003)[1]), and since it is undisputed in this case that the Town has chosen not to make provision in its Ordinance for the location of such facilities, 24 V.S.A. §4409 limits the review the Town may authorize through its Zoning Ordinance "to size, height, bulk, yards, courts, setbacks, density of buildings, off-street parking and loading facilities and landscaping or screening requirements . . . ." 24 V.S.A. §4409(a).

Docket No. 119-7-04 Vtec is an appeal of the approval by the New Haven Planning Commission ("Planning Commission") of the Appellee-Applicants' application for an amendment to the previously issued subdivision approval. This amendment application

---

[1]. The applicable statute here – 24 V.S.A. §4409 (superseded as of July 1, 2004 by 24 V.S.A. §4413) also limits municipal review of other projects, including churches, hospitals and schools.

addressed internal road changes, realignment of a curb cut, and minor changes to the siting and access to a communications tower, now located on an adjacent parcel to be retained by the Norrises, known as Lot #1, over which the State will receive an easement.

The proposed development has also been the subject of other judicial proceedings.[2] The first—Docket No. 186-11-01 Vtec—concerned the first appeal by Mr. Madden of a subdivision approval issued to the Norrises by the ZBA for a four (4) lot subdivision. That appeal was the subject of Findings of Fact and an Order filed November 22, 2002. Those Findings and the Order were appealed by Mr. Madden to the Vermont Supreme Court, which upheld this Court's Decision to grant Appellee-Applicants subdivision approval. See In re Madden, No. 03-121 (Vt. July 18, 2003) (unpublished mem.).

Mr. Madden also appealed the first site plan approval granted to the State by the Planning Commission (see Docket No. 213-11-01 Vtec). This Court dismissed that appeal as moot in its Decision of March 14, 2002, after the State gave notice that it did not intend to go forward with this approved site plan.

Mr. Madden also appealed a subsequent site plan approval issued to the State in Docket No. 36-3-04 Vtec. That appeal was also dismissed as moot once Mr. Madden appealed the site plan approval at issue in this Decision—Docket No. 119-7-04 Vtec.

Based upon the evidence presented at the hearing,[3] the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. The Appellee-Applicants' most recent subdivision approval actually is an amendment to the plan approved by this Court in Docket No. 186-11-01 Vtec and affirmed by the Vermont Supreme Court in In re Madden, No. 03-121 (Vt. July 18, 2003) (unpublished mem.). The changes to the proposed project most recently approved pursuant to the authority granted to the Planning Commission under the New Haven Zoning bylaws (as limited by 24 V.S.A. §4409) consisted of the following:

---

[2] All previous and pending Environmental Court proceedings are titled "Appeal of Madden". Each new appeal was given a new Docket number.
[3] Appellant chose to not present any evidence during his case in chief. Appellant did cross examine all witnesses presented by the Appellee-Appellants and, just prior to the commencement of the merits hearing, filed a summary entitled "A Brief". While not admitted as evidence, we considered this summary when determining this Decision.

(a) realignment of the curb cut on to U.S. Route 7, so that it was directly across Route 7 from another curb cut to the west for Dog Team Road;

(b) realignment of the interior driveway to serve Lots 2 and 3 (i.e. the lots purchased by the State); and

(c) minor changes to the location of the easement encumbering Lot 1 for the siting of and access to a communications tower.[4]

2. The ZBA reviewed the proposed project at its April 27, 2004 meeting pursuant to the relevant factors under the New Haven Zoning bylaws, as limited by 24 V.S.A. §4409. That meeting was warned and noticed, as evidenced by Appellee-Applicants' Exhibits 15 and 16.

3. Mr. Madden has posed identical Questions Presented in both pending appeals, challenging the sufficiency of notice and questioning the general legality of the respective subdivision and site plan approvals.

4. The Planning Commission conducted a limited review of the State's revised site plan at its June 3, 2004 meeting, pursuant to the relevant factors in the authority granted to the Planning Commission under the New Haven Zoning bylaws, as limited by 24 V.S.A. §4409. That meeting was warned and noticed, as evidenced by Appellee-Applicants' Exhibits 19 and 20.

5. The Town has not enacted provisions for the location of state owned property, as contemplated by both 24 V.S.A. §4409[5] and §518 of the New Haven Zoning Ordinance (which language is identical). Thus, the only aspects of the proposed site plan under review in these proceedings are "size, height, . . . , setbacks, . . . , off-street parking, . . . , [and] landscaping or screening requirements . . . ."[6]

---

[4] Appellant also suggested through his cross-examination that some changes were made to lot dimensions and lot size, but the State's evidence clarified that the rear boundary lines remained the same and that there were no material changes in the lot sizes.

[5] The parties agreed and we so find that 24 V.S.A. §4409 (2003) applies to this site plan review case and not its successor section: 24 V.S.A. §4413 (2004).

[6] Other aspects of a site plan may be regulated under both the ordinance and statute, but are not applicable in this case. See In re Appeal of Department of Buildings and General Services, 176 Vt. 4; 2003 VT 92 (2003).

6. Appellee-Applicants have acquired the necessary state permits for both the amended subdivision (including curb cuts onto Route 7) and for the State's proposed land use (i.e. an Act 250 permit). In connection with the latter state permit, the Appellee-Applicants were required to locate the communications tower that is necessary for the State Police facility as far away from Route 7 as possible to minimize its visual impact from the traffic corridor.

7. The proposed communications tower is now located on Lot 1, which Peter Norris will retain, subject to an easement for siting and access to the tower. Such access runs along the revised interior drive shown on Appellee-Applicants' revised site plan. See Ex. 2-B.

8. The changes to the Route 7 curb cut were made to minimize the number of intersections on Route 7 in this neighborhood. The change allows for a common intersection to be used both by visitors to the proposed site and motorists using Dog Team Road.

9. The credible evidence suggests that the proposed siting of the State Police barracks and related facilities will not materially degrade the safety of this section of Route 7. In fact, the uncontroverted testimony was that safety on Route 7 may increase due to the proximity of the proposed State Police facilities.

10. The Town Zoning Ordinance identifies the proposed project area as mostly in the highway commercial (HC) district, which is generally identified in this neighborhood as being 1,000 feet from the center line of Route 7. Lots 2 and 3 are completely within the HC district. While most of Lot 1 is similarly zoned, a thin sliver on the rear (i.e. easterly) boundary is in one of the rural agricultural (RA) districts.

11. The neighboring properties include commercial and retail establishments. While not abutting the subject property, there are some residences in the surrounding neighborhood, including Appellant's primary residence.

12. The size, height, and setbacks of the proposed structures are in conformance with the applicable town regulations.

13. The proposed off-street parking and landscaping also conform to town regulations and do not create an undue adverse impact on the neighborhood.

## **Conclusions of Law**

As was previously held by this Court, we must apply the Town Regulations to the facts presented to us. In Re Appeal of Madden, Docket No. 186-11-01 Vtec (Vt. Envtl. Ct. Jan. 18, 2002), aff'd In re Madden, No. 03-121 (Vt. July 18, 2003) (unpublished mem.) (citing Chioffi v. Winooksi Zoning Board, 151 Vt. 9,13 (1989)). In doing so, we conclude that the amendments to Appellee-Applicants' subdivision plan contain only minor revisions that are in conformance with the Town subdivision regulations.

Further, in reviewing the State's site plan, we conclude that it complies with all applicable provisions of the Town Ordinance, as limited by 24 V.S.A. §4409 (2003). The proposed structures do not exceed the applicable height, size, or setback restrictions. The site has been designed with sufficient landscaping, building color tones, and off-street parking so as to minimize the impact to the surrounding neighborhood. The proposed structures will blend in well with the existing commercial and retail facilities in the surrounding neighborhood. The presence of a State Police facility in the neighborhood has a greater likelihood to enhance, rather than diminish, the safety for nearby residences.

We therefore **APPROVE** Appellee-Applicants' site plan and amended subdivision applications and in Docket No. 119-7-04 Vtec and **GRANT** Appellee-Applicants project approval in Docket No. 105-6-04 Vtec.[7]

_____   June 7, 2005
Thomas S. Durkin                 Date
Environmental Judge

Date _____ copies sent to:                       Clerk's Initials: _____

John A.G. Madden
Attorney James H. Ouimette
Attorney Donald R. Powers
Attorney William H. Rice
Attorney Jeff W. Lively

---

[7] Appellee-Applicants also received a zoning permit from the Town Zoning Administrator. See Ex. 10. Since Appellant chose not to appeal this previously issued zoning permit, its validity is not a question preserved for challenge in this Court.