**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**In re 49 Tanglewood Final Plan Approval**  **Docket No. 76-6-12 Vtec**
**(Appeal of the Town of Essex Planning Commission decision)**

Title: Motion to Dismiss Certain of Appellants' Questions on Appeal (Filing No. 2)

Filed: July 12, 2012

Filed By: Applicant/Appellee Birchwood Land Co., Inc.

Response filed on 7/30/12 by Appellants

  X  Granted (in part)          X  Denied (in part)          ___ Other

On May 10, 2012, the Town of Essex Planning Commission (the Commission) approved a Final Plan submitted by Birchwood Land Company, Inc. (Applicant) to subdivide a 60 acre property located at 49 Tanglewood Drive in the Town of Essex, Vermont. Appellants, a group of ten or more voters or real property owners within the Town of Essex, appealed the Commission's decision to this Court. Appellants' original Statement of Questions, filed on June 29, 2012, posed 55 Questions[1] for determination. On July 12, 2012, Applicant moved to dismiss Questions 10, 17, 22, 34, 41, and 44–-54 as numbered in Appellants' original Statement of Questions. Applicant's motion to dismiss falls under V.R.C.P. 12(b)(6) as it seeks dismissal of each of the 16 Questions for their failure to state issues upon which the Court can grant Appellants relief. In ruling on a Rule 12(b)(6) motion, we must assume the factual allegations in the plaintiff's pleading are true and can only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citing Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309). In the context of this appeal, we view the Notice of Appeal and Statement of Questions as the "pleadings" and Appellants as the "plaintiff." See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.).

Following a July 9, 2012 pretrial conference held by Judge Thomas G. Walsh, on July 30, 2012, Appellants filed an objection to Applicant's motion to dismiss Questions and a revised Statement of Questions in which Appellants reduced the number of Questions to 19. In their objection to Applicant's motion, Appellants stipulated to dismiss Questions 22, 34, 41, and 44—54 as numbered in Appellants' original Statement of Questions. These Questions do not reappear in Appellants' revised Statement of Questions. Accordingly, Applicant's motion to dismiss Questions 22, 34, 41, and 44 – 54 is GRANTED.

The Court has not received an amended motion to dismiss Questions within the revised Statement of Questions. We therefore apply the remainder of Applicant's motion to Appellants' revised Statement of Questions, insofar as the Questions at issue are the same or substantially similar. Applicant seeks the dismissal of the Questions originally numbered 10 and 17, which

---

[1] The original numbering totaled 54, but Appellants applied the number 15 to two separate Questions.

are now Questions 8 and 16, respectively, in the revised Statement of Questions.  Applicant argues that these Questions relate "directly to actions taken (or not taken) by the Town of Essex Planning Commission" and are therefore "irrelevant" in a de novo hearing of the case by this Court.  (Appellee's Mot. to Dismiss Certain of Appellants' Questions on Appeal 2, filed July 12, 2012).

As Applicant states, this appeal is de novo.  See 10 V.S.A. § 8504(h).  In a de novo appeal, this Court will hear the case "as though no action whatever has been held prior thereto." See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)).

Question 8 of the Revised Statement of Questions asks, "If 4.1(D) is waived, how will Birchwood Land Company, or the Court, otherwise, substantially secure the objectives of 4.1(D)?"  This question refers to Regulation 2.1(C) of the Town of Essex Subdivision Regulations, which states that "[i]n granting waivers, the Planning Commission shall require such conditions as will, in its judgment, secure substantially the objectives of the requirements so waived."  Although awkwardly phrased, Question 8 does not relate to the actions or inaction of the Commission.  Instead, Question 8 asks whether waiving Regulation 4.1(D) will fulfill the requirements of Regulation 2.1(C). This is a cognizable issue that this court can address and remedy if appropriate.   Accordingly, Applicant's motion to dismiss Question 8 of the Revised Statement of Questions is DENIED.

Question 16 of the Revised Statement of Questions asks, "Does the Essex Planning Commission require other applicants to comply with 4.1(D) which requires a second access for projects or neighborhoods with more than fifty dwellings and, if so, what is the Birchwood Land Company's rationale for this neighborhood being treated differently?"  The Court interprets this question as asking whether, under Town of Essex Subdivision Regulation 4.1(D), approval of the proposed subdivision by the Commission requires the creation of a second access to Tanglewood Drive.  Under the Court's interpretation, Question 16 raises a cognizable question of law that does not relate to the Commission's actions or inaction in its decision to approve Applicant's Final Plan.  Accordingly, Applicant's motion to dismiss Question 18 of the Revised Statement of Questions is DENIED.

Applicant's motion is therefore **GRANTED** in part and **DENIED** in part.


_____                    _____September 18, 2012_____
           Thomas G. Walsh, Judge                                                Date
========================================================================
Date copies sent: _____                                       Clerk's Initials _____

Copies sent to:

  Appellants Sharon I. Zukowski; Philip A. and Lorraine Matcovich; Elizabeth C. Dunn; William J. Silverstrim;
    Suzanne N. Levine; Arup Bhattacharyya; Susan T. and Jon Pringle; Daniel Brugger; Arthur Lee Cohen; Bruce,
    Mary E., and Erik E. Post; Joan and Robert D. Bates; Gail and Ed Stowe; and Judith Krizan
  Attorney William F. Ellis for Interested Person Town of Essex
  Attorney W. Owen Jenkins for Applicant Birchwood Land Co., Inc.