**State of Vermont**
**Superior Court — Environmental Division**

======================================================================

**E N T R Y   R E G A R D I N G   M O T I O N**

======================================================================

**In re J.R. Vinagro Corp. Waste Transportation Permit**          **Docket No. 76-6-13 Vtec**

Title: Motion to Clarify Statement of Questions (Filing No. 1)

Filed: August 8, 2013

Filed By: Appellee Vermont Agency of Natural Resources

Response in opposition filed on 8/13/13 by Appellant J.R. Vinagro Corporation

___ Granted                    _X_ Denied                    ___ Other

On June 13, 2013, J.R. Vinagro Corporation (Vinagro) appealed the decision of the Vermont Agency of Natural Resources (ANR) denying Vinagro's Vermont Waste Transporter Permit Application.  Vinagro subsequently filed a single question on appeal to this Court:

> Whether the Waste Management & Prevention Division of the Vermont Department of Environmental Conservation wrongfully denied Appellant's October 22, 2012 application for a waste transportation permit.

ANR now moves to require Vinagro to clarify this Statement of Questions on the grounds that it is vague and overbroad and does not adequately define the scope of the appeal.  Vinagro responds that ANR's letter of denial does not identify any specific basis for denial and therefore a broad Statement of Questions is warranted.

In this appeal, we review the permit application *de novo*.  10 V.S.A. § 8504(h).  The Statement of Questions, however, limits the scope of review to the specific issues raised for appeal.  V.R.E.C.P. 5(f).  The Statement of Questions performs a similar function to a civil complaint and requires only a "short, concise and plain statement that will establish the scope of the appeal, and ultimately, the scope of the issues for trial."  In re Rivers Development, LLC, Nos. 7-1-05 Vtec, 68-3-07 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.).

We generally require that a Statement of Questions not be overly vague.  Where a permit is being appealed, the Statement of Questions should put the other parties on notice of the specific reasons for the challenge.  See id.; In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct., May 11, 2007) (Wright, J.). This enables the parties and the court to focus on the issues in controversy rather than the entire proposal.

In the matter before us we do not have a challenge to a permit that was granted but instead an appeal from a permit denial.  ANR denied Vinagro's application in a one-page letter asserting that Vinagro's past violations create the potential for significant harm to the public health, public safety, or the environment.  ANR did not more specifically describe the past

violations or the possible harm. In light of ANR's general denial of Vinagro's permit application, a general Statement of Questions is warranted.

In this *de novo* proceeding, this Court does not consider any previous decisions or proceedings below; "rather, we review the application anew as to the specific issues raised in the statement of questions." In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.); see also Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'")). We therefore interpret Vinagro's question before the Court to ask whether Vinagro's October 22, 2012 application for a waste transportation permit should be granted.

Accordingly, we **DENY** ANR's motion to clarify the Statement of Questions.

_____          _____
             Thomas G. Walsh, Judge                                    Date

========================================================================

Date copies sent: _____          Clerk's Initials _____
Copies sent to: