# STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 77-6-14 Vtec

| Treetop Development Company Act 250 Application |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Appellant's Statement of Questions
Filer:          The Stratton Corporation et al.
Attorney:     Lisa B. Shelkrot
Filed Date:   July 9, 2014

Response in Opposition filed on 07/29/2014 by Attorney A. Jay Kenlan for Appellant Treetop at Stratton Condo Association
Reply filed on 08/08/2014 by Attorney Lisa B. Shelkrot for The Stratton Corporation, et al.

**The motion is GRANTED.**

Treetop Development Company, LLC, Treetop Three Development Company, LLC, Intrawest Stratton Development Corporation, and The Stratton Corporation (collectively Stratton) received Act 250 approval for the development of 25 three-unit townhouse condominiums near Stratton Mountain in the Town of Stratton, Vermont (the Project) from the District 2 Environmental Commission (the Commission) on November 18, 2002. Stratton failed to construct the Project in accordance with the terms of its Land Use Permit 2W1142 (the Permit) and did not seek written approval for its deviations from the terms therein. Some of Stratton's deviations from the Project as permitted were to the stormwater management systems, which the Permit required to be constructed in conformance with Stratton's stormwater discharge permits, which had been granted by the Agency of Natural Resources.

On March 12, 2012, after construction had been completed, Stratton applied for an Act 250 permit amendment to reflect any deviations from the initial Permit. The application included a plan to remedy all violations under the initial Permit and for remediation of the Project site. On October 21, 2013 the Commission issued Land Use Permit Amendment 2W1142-D to address the remediation and changes (the Permit Amendment). This Permit Amendment was not appealed.

The Permit Amendment included a condition (Condition 14) stating: "The Commission reserves the right to review erosion, the ability of the land to hold water, stormwater management and revegetation issues outlined in these proceedings and to evaluate and impose additional conditions as needed." No party appealed this permit condition. In response to additional information provided by both Stratton and the Treetop at Stratton Condominium

1

Association, Inc. (Association), the Commission warned and held an additional hearing on March 17, 2014 to consider whether to impose additional conditions pursuant to Condition 14. The Commission, in a Memorandum of Decision issued May 16, 2014, decided not to impose any additional conditions.

The Association timely appealed that decision to this Court. The Association represents the interests of the owners of the Project's townhouse condominium units. The Association has participated in the various Act 250 proceedings and expressed an interest in ensuring that the Project's infrastructure, especially the stormwater management system and erosion control elements, be constructed in conformance with the Permit, Permit Amendment, and all applicable regulations. Stratton now moves to dismiss all of the Questions raised in the Association's Statement of Questions as being either collateral attacks on the Permit Amendment or as outside the scope of the Court's de novo review.

As a primary matter, a number of the Association's Questions relate to the taking of evidence, burdens of proof, and presumptions within the Commission's proceedings. These questions are not relevant in this de novo appeal. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'" (quoting In re Poole, 136 Vt. 242, 245 (1978))). Furthermore, these types of alleged errors by the Commission are cured by a de novo hearing in this Court. See In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶ 12, 190 Vt. 259. The remaining Questions ask whether the Commission erred in deciding or failing to decide certain elements. We consider these Questions as asking whether or not this Court should make certain findings or impose additional conditions on appeal.

In Act 250 appeals, this Court, "applying the substantive standards that were applicable before the tribunal appealed from, shall hold a de novo hearing on those issues which have been appealed . . . ." 10 V.S.A. § 8504(h). Thus, before considering the Association's Questions and Stratton's objections to those Questions, we must determine what decision is being appealed and what standards were applicable before the Commission.

The decision at issue on appeal is the Commission's May 16, 2014 Memorandum of Decision. This decision resulted from the Commission's express retention of jurisdiction over stormwater management, erosion control, and related issues contained in Condition 14 of the Permit Amendment. The standards applicable under Act 250 require that the Commission make positive findings under all 10 Act 250 Criteria "[b]efore granting a permit." 10 V.S.A. § 6086(a). In an Act 250 permit, the Commission is authorized to include "conditions as are allowable proper exercise of the police power and which are appropriate within the respect to [the 10 Act 250 Criteria] . . . ." 10 V.S.A. § 6086(c). A district commission may therefore use permit conditions to retain jurisdiction over and impose additional conditions on a project, but cannot "establish future obligations that are completely unknown." In re Kevin L. Rogers, Inc., No. 88-5-09 Vtec, slip op. at 9 (Vt. Envtl. Ct. Nov. 4, 2009) (Wright, J.).

Like all permit conditions, conditions that retain jurisdiction must be expressed with sufficient clarity to apprise a landowner of the limitations placed on the use of his or her land. In re Eustance Act 250 Jurisdictional Opinion, 2009 VT 16, ¶ 41, 185 Vt. 447 (citing Agency of Natural Resources v. Handy Family Enters., 163 Vt. 476 (1995)). Furthermore, where

2

compliance is based on estimates or projected impacts, the Commission may likewise utilize permit conditions to retain jurisdiction over that matter. If retained via conditions, the Commission can use its jurisdiction to ensure that post-development realities conform to estimates, or if they do not, to impose additional conditions. Where jurisdiction is retained by condition, however, the intent of the retained jurisdiction must be clear and must make the potential future obligations known to the applicant. See Eustance, 2009 VT 16 at ¶ 41.

The sole purpose of Condition 14 is to ensure compliance with the initial Permit and Permit Amendment. This authority does not belong to the Commission. Rather, it rests with the Natural Resources Board's authority to ensure compliance with an Act 250 Permit and its conditions through its enforcement powers. 10 V.S.A. § 6027(g). Further, the Association cannot use Condition 14 to privately enforce the Permit or Permit Amendment. The proper avenue to ensure compliance with the Permit and Permit Amendment is within the related and ongoing enforcement action by the Natural Resources Board and the Agency of Natural Resources, NRB v. Stratton Corporation, No. 106-7-14 Vtec.

For these reasons, Stratton's Motion to Dismiss the Association's Statement of Questions is **GRANTED** in its entirety and the Association's appeal is **DISMISSED**.

A judgment order accompanies this decision. This concludes the matter before the Court.

Electronically signed on November 14, 2014 at 02:20 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
A. Jay Kenlan (ERN 3775), Attorney for Appellant Treetop at Stratton Condo Assn
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee The Stratton Corporation
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee Intrawest Stratton Developmt Cor
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee Treetop Development Co., LLC
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee Treetop Three Developmt Co, LLC
Jon Groveman (ERN 5336), Attorney for Interested Person Agency of Natural Resources
Melanie Kehne (ERN 2561), Attorney for Interested Person Natural Resources Board
Peter Gill (ERN 4158), Attorney for party 10 Co-counsel