# STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 107-7-14 Vtec

---

| PCH, Inc. & PCG, LLC Building Permit |
|---|

---

## ENTRY REGARDING MOTION

Title:      Motion File Appeal Late (Motion 1)
Filer:      Karen Stawiecki
Attorney:   Pro Se
Filed Date: July 25, 2014

Response in Opposition filed on 08/18/2014 by Attorney Joseph S. McLean for Interested Person Town of Peacham
Response in Opposition filed on 08/18/2014 by Attorney Kristina I. Michelsen for Appellee Peacham Community Housing Inc.
Reply in Support filed on 08/20/2014 by Mark Moore, Appellant
Reply in Support filed on 08/21/2014 by Karen Stawiecki, Appellant

**The motion is DENIED.**

Title:      Motion to Dismiss (Motion 2)
Filer:      Peacham Cafe Group LLC
Attorney:   Kristina I. Michelsen
Filed Date: August 18, 2014

Response in Opposition filed on 08/20/2014 by Mark Moore, Appellant
Response filed on 08/21/2014 by Karen Stawiecki, Appellant

**The motion is GRANTED.**

This matter concerns the property and structures at 643 Bayley Hazen Road, Peacham, Vermont (the Property) and the Application by Peacham Community Housing Inc. and Peacham Café Group LLC (PCG) to the Town of Peacham Development Review Board (DRB) for a variance to allow reconstruction of the historical footprint of a porch; for conditional use approval of the property as a retail store; and for approval for the continued use of the existing non-conforming structure. The DRB approved the Application in a February 21, 2014 written decision. On July

25, 2014, Appellants Karen Stawiecki and Mark Moore filed a Notice of Appeal along with a Motion for Leave to File Late Appeal. On August 18, 2014, PCG filed a memorandum in opposition to the Motion for Leave to File Late Appeal and a Motion to Dismiss. We now address both motions.

The Court completed a site visit to the Property on the morning of December 18, 2014 immediately followed by a hearing on the motions at the Caledonia County Superior Court in St. Johnsbury, Vermont. Appearing at the site visit and hearing were representatives of Peacham Café Group LLC and Peacham Community Housing Inc. and their attorney Kristina I. Michelsen, Esq.; representatives of the Town of Peacham (the Town's attorney Joseph S. McLean, Esq. completed an independent site visit and then participated in our hearing); and Chery M. Smith representing herself. Additionally, a few other town citizens were present at the site visit and observed the hearing. Neither Appellant Karen Stawiecki nor Appellant Mark Moore (Petitioners) appeared at the site visit or hearing. During the hearing on December 18, 2014, the Court admitted evidence through testimony and exhibits and heard argument regarding both motions.

Based upon the evidence presented at the hearing, including that which was put into context by the site visit, the Court renders the following Findings of Fact.

**Findings of Fact**

1. Peacham Community Housing, Inc. (PCH) is a Vermont Corporation and the owner of the premises at 643 Bayley Hazen Road, Peacham, Vermont where a café is located.

2. PCH's premises consist of two adjoining structures including a two story building which shares a common wall with the Petitioners' property and a barn.

3. Peacham Café Group LLC (PCG) is a subsidiary of PCH.

4. Karen Stawiecki and Mark Moore own and operate the Peacham Store located at 641 Bayley Hazen Road, Peacham, Vermont. Ms. Stawiecki and Mr. Moore also reside in the same structure.

5. PCG's proposed café shares the north wall of the Peacham Store and therefore is not only abutting but is affixed to the Petitioners' store and residence.

6. There is parking at the front of both properties adjacent to the public roadway.

2

7. Petitioners concerns relating to the café focus on parking, traffic, and related safety issues.

8. On February 5, 2014, Mark Moore received notice of the DRB's February 20, 2014 hearing. This hearing was an appeal of the decision of the Town's Administrative Officer.

9. The Town warned the DRB's hearing for February 20, 2014 within the January 6, 2014 Caledonia Record.

10. Mark Moore attended and participated in the Town's February 20, 2014 hearing of the application. At the hearing, Mr. Moore raised his parking concerns.

11. In a February 21, 2014 written decision, the Peacham Development Review Board granted PCG and PCG a variance to allow reconstruction of the historical footprint of a porch; for conditional use approval of the property as a retail store; and for approval for the continued use of the existing non-conforming structure.

12. The February 21, 2014 decision was not sent to Karen Stawiecki or Mark Moore.

13. A few days after February 21, Barry Lawson, a member of PCG, obtained the large "P" Permit Notice placard sign, stating "Permit/Approval – 2-20-14 DRB Approval. For more information contact: Zoning Administrator 592-3114," from the Town and posted it on the right hand side of the Barn wall facing Bayley Hazen Road. This sign remained on the wall facing the road for over a month, although its specific location on that wall was adjusted to accommodate construction work.

14. The "P" placard sign was visible from Bayley Hazen Road. One would have had to enter PHC's property and approach the sign to read the hand written text thereon.

15. Construction work for the Café included pouring a concrete floor in mid-March 2014.

16. An open house was held at the Café on March 22, 2014.

17. A Department of Corrections work crew, comprised of 10 workers, was on-site from April 7, 2014 through the end of July 2014 working on the Café. Outside physical features associated with the crew were a transport van, storage trailer, material piles, dump trailer, and a portable toilet.

18. Clyde Bradley was the work crew supervisor for the Department of Corrections work crew. Mr. Bradley knows Mr. Moore.

19. During Mr. Bradely's more than three months at the Property, Mr. Bradley observed Mr. Moore drive by the Property on several occasions.

20. In late May or early June 2014, Mr. Moore observed that PCH was constructing the front porch for the Café.

21. On June 15, 2014, Karen Stawiecki returned to Vermont for the first time in over a year and heard that day that the PCH/PCG application had been granted.

22. On July 2, 2014, Ms. Stawiecki and Mr. Moore filed a petition (Docket No. 98-7-14 Vtec) with this Court raising issues of improper notice of DRB proceedings and a failure of the Town to serve the February 21 DRB decision upon Petitioners. This Petition was dismissed on July 17, 2014 for failure to file a notice of appeal.

23. On July 26, 2014, Petitioners filed a Notice of Appeal of the February 21 DRB decision and the corresponding motion for leave to file a late appeal.

24. On August 18, 2014, PCG filed a memorandum in opposition to the Motion for Leave to File Late Appeal and a Motion to Dismiss.

## Discussion

In support of their motion for leave to file a late appeal, Petitioners take issue with: 1) the Town's process and consideration of the application for the Café which allegedly prevented them from effectively participating in the DRB's process; and 2) the Town's failure to serve them with a copy of the February 21 DRB Decision thereby justifying the late filing of an appeal.

Petitioners assert that aspects of the Town's notice of the application were inaccurate, incomplete, and otherwise improper. Petitioners allege that they did not receive notice of the application for conditional use review or for a variance.

Title 24, § 4464(a)(5) of the Vermont Statutes Annotated is clear that no defect in form or substance of notice requirements shall invalidate the action of an appropriate municipal panel where reasonable efforts are made to provide adequate posting and notice. Based upon the above findings of fact, we conclude that the Town undertook reasonable efforts.

Petitioners also assert that they had a difficult time preparing for and effectively participating in the DRB's process and that the process itself was improper, misleading, and confusing. It is not uncommon for municipal panels to deal with, and even cause, irregularities when reviewing applications within the complex land use and permitting process. Petitioners suggest that the application before the Town was incomplete and that it was unclear how the Town was reviewing the application. For instance, when the DRB first reviewed the application it remanded it back to the Zoning Administrator who then denied the application. That denial was appealed to the DRB and this is what was reviewed at the February 20 DRB hearing.

We need not analyze in detail the potential defects in the Town's processing or consideration of the application as it is clear that Mr. Moore was present for and participated in the DRB's February 20 hearing. Based upon his participation, Mr. Moore had the right to timely appeal the DRB's decision which would have caused this Court to undertake a *de novo* review of the application. 10 V.S.A. §§ 8504(b)(1), (h); see Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever had been held prior thereto.'" (quoting In re Poole, 136 Vt. 242, 245 (1978))). A de novo trial generally cures due process violations that do not rise to the level of systemic or structural errors that undermine the confidence of the system as a whole. In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶¶ 10–13, 190 Vt. 259. Mr. Moore's due process concerns relating to the process before the DRB would thus have been cured by a de novo review. We therefore **DENY** Petitioners' motion for permission to file a late appeal based upon claims of improper notice, processing, and potential irregularities in the DRB's consideration of the application.

We next consider the Town's failure to serve Petitioners with a copy of the DRB's February 21, 2014 Decision and the impact upon Petitioners' rights and ability to appeal the decision. Title 10 V.S.A. § 8504(B)(1) and Vermont Rule for Environmental Court Proceedings (V.R.E.C.P.) Rule 5 (b)(1) require that an appeal of a DRB decision be filed with the Environmental Division within 30 days of the date of the DRB decision. Thus, a timely appeal in this matter would have had to have been filed on or before March 24, 2014. Petitioners filed their appeal on July 26, 2014. Thus, they seek relief from the requirement that the appeal be filed within 30 days.

Relief from the 30 day appeal deadline may be granted pursuant to 10 V.S.A. § 8504(b)(2)(C) upon a finding that "manifest injustice" will result if the late appeal is not allowed. Additionally, V.R.E.C.P Rule 5(b)(1) authorizes this Court to extend the appeal deadline as provided in Rule 4 of the Vermont Rules of Appellate Procedure (V.R.A.P.). Pursuant to V.R.A.P. 4(d), the party seeking relief from the deadline must show "excusable neglect or good cause."

To show excusable neglect or good cause to file a late appeal, the movant "must explain the delay, including any reasons why an appeal was not filed as soon as possible after the appellant became aware of the possible need or opportunity for appeal." In re Feeley Constr. Permits, Docket Nos. 4-1-10 Vtec & and 5-1-1 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div July 5, 2011) (Wright, J.). Manifest injustice requires a higher showing that due process or fundamental administrative fairness require that the movant be allowed to contest the municipal approval, notwithstanding the strong policy interest in finality. Id. at 7 n.4. While constitutional principles of procedural due process guarantee an opportunity to present objections to government action before the action deprives them of property interests, due process does not entitle one to delay before asserting an appeal after he has observed contested activities or construction on adjacent property. Id. (citations omitted).

Based upon the facts of this case, Petitioners were not served a copy of the DRB's February 21 decision. They did have considerable opportunity, however, to observe the posting of the "P" placard on the subject building and observe daily construction activity in February 2014. Although Petitioners did not attend our hearing to provide us with their evidence, within their motion they admit that in late May or early June, 2014, Mr. Moore observed that PCH was constructing the front porch for the Café. Yet they did not begin the process of filing an appeal until July 2 and did not file their motion for permission to file a late appeal until July 25, 2014.

When a potential appellant has reason to know of a DRB decision, even if they were not served with a copy of the decision, the appeal period runs from the time of having reason to know. See In re Saman ROW Approval, Docket No. 176-10-10 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2011). We conclude that Petitioners were put on notice by the posting of the "P" placard and by the construction activity, both in plain sight of Baley Hazen Road and

6

beginning in late February and continuing for the next few months. Petitioners fail to provide an explanation for the long delay in bringing their appeal or why they did not file an appeal as soon as possible after they became aware of the possible need or opportunity for appeal.

Lastly, V.R.A.P. 4(d)(1)(A) requires that a motion for permission to file a late appeal be filed no later than 30 days from the running of the appeal period. With the appeal period expiring on March 24, 2014, V.R.A.P. 4 would require Petitioners' motion to be filed at the latest by April 23, 2014. Petitioners filed more than two months after this time.

## Conclusion

For all of the above reasons, we **DENY** Petitioners' motion to file a late appeal and **GRANT** PCG's Motion to Dismiss. As such, we also **DISMISS** this matter.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Electronically signed on January 16, 2015 at 03:29 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Karen Stawiecki
Appellant Mark Moore
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Peacham
Kristina I. Michelsen (ERN 3952), Attorney for Appellee Peacham Cafe Group LLC
Kristina I. Michelsen (ERN 3952), Attorney for Appellee Peacham Community Housing Inc.
Interested Person Chery M. Smith