STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 114-8-14 Vtec |
|---|---|
| Hinesburg Hannaford Water Quality<br>Certification | DECISION ON MOTIONS |

**Decision on Motion to Dismiss Questions and Motions for Judgment on the Pleadings**

The pending appeal relates to development proposed by Martin's Foods of South Burlington, LLC (Applicant) on Lot 15 of the Commercial Park subdivision in the Town of Hinesburg, Vermont (the Town). Applicant proposes to construct a 36,000 square foot Hannaford grocery store and pharmacy with associated parking and site improvements. Multiple state and local land use permits and decisions related to the Project are presently on appeal to this Court. This appeal relates to a water quality certification required by § 401 of the Federal Clean Water Act and issued by the Vermont Agency of Natural Resources (ANR or Agency). Section 401 of the Clean Water Act requires that prior to the issuance of any Federal license or permit to conduct any activity that may result in a discharge into navigable waters, the State in which the discharge may occur must certify that the discharge will comply with the applicable water quality standards. 33 U.S.C. § 1341; see 10 V.S.A. § 1004 ("The agency of natural resources shall be the certifying agency of the state for purposes of Section 401 of the federal Clean Water Act and the secretary's determinations on these certifications shall be final action by the secretary appealable to the environmental court."). A group of interested persons including Catherine Goldsmith, James Goldsmith, Jean Kiedaisch, John Kiedaisch, Chuck Reiss, Sally Reiss, Lindsay Hay, Brian Bock, Natacha Liuzzi, Mary Beth Bowman, Wendelin Patterson, Bethany Ladimer, Kate Schubart, Michael Sorce, Dark Star Properties, LLC, and Responsible Growth Hinesburg, an association of Hinesburg residents, (collectively Appellants) oppose the development and have appealed the ANR water quality certification to this Court. Appellants are represented by James A. Dumont, Esq. ANR is represented by Leslie Welts, Esq. Applicant is represented by Christopher D. Roy, Esq.

ANR moves to dismiss Questions 10 and 13 raised in Appellants' Statement of Questions. In response to the motion, Appellants voluntarily withdrew Question 13, which sought a ruling from the Court that water quality certifications should be conducted through rulemaking. Question 13 is therefore dismissed. Question 10 asks whether de novo review of the water quality certification is constitutional. Appellants move for judgment on the pleadings in their favor. ANR has also moved for judgment on the pleadings regarding Question 10 as an alternative to dismissal.

## I.      Standard of Review

In considering either a motion to dismiss under Vermont Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings pursuant to Rule 12(c), we accept as true any factual allegations made in the complaint or other pleadings and all reasonable inferences that can be drawn from those allegations, and determine whether the movant is entitled to judgment as a matter of law. Sorge v. State, 171 Vt. 171, 174 (2000); Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (mem.). Appellants' Question 10 raises a purely legal issue and is therefore appropriate for resolution on the pleadings.

## II.      Constitutionality of De Novo Review of Water Quality Certification

Appellants argue that this Court's de novo review of the Agency's water quality certification decisions violates Chapter II § 5 of the Vermont Constitution, which provides that "[t]he Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Title 10 Section 8504(h) makes clear that in appeals by aggrieved parties of acts or decisions of ANR, the Environmental Division "shall hold a de novo hearing on those issues which have been appealed. . . ." Appellants argue that this statute is unconstitutional as it relates to water quality certifications because it requires the judicial branch to perform an administrative power belonging to the Agency. The Vermont Supreme Court has adopted the prevailing theory, which "allows trial de novo of an administrative agency action if the agency operated in a quasi-judicial capacity in reaching its decision." Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 12 (1989). In that case the Supreme Court outlined the constitutional jurisdiction of the superior court in an appeal of agency action as follows:

> If the power exercised by an agency is essentially administrative, the superior court, on appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. If the administrative agency performs an essentially judicial function, the superior court, on appeal from a decision of the board, has, if there is a statute so permitting, the <u>constitutional</u> power to allow a trial de novo.

Id. (quoting Francisco v. Bd. of Dirs., 85 Wash.2d 575, 578–79 (1975)). The Supreme Court upheld de novo review of appeals of zoning decisions, finding that the zoning board was performing a quasi-judicial function by "applying the law to the facts." Chioffi, 151 Vt. at 13. Thus, because the statute permits de novo review of water quality certifications that review is constitutional so long as the Agency is acting in a quasi-judicial capacity.

The Vermont Supreme Court has recognized that a § 401 certification is "a document in the nature of a permit." In re Vermont Marble Co., 162 Vt. 355, 363 (1994). The decision of whether or not to deny, grant, or grant with conditions a § 401 water quality certification is a case-specific determination that requires applying the law, the substantive water quality standards, to the facts of a particular proposed activity and its potential impacts. See In re Clyde River Hydroelectric Project, 2006 VT 11, ¶¶ 3–4, 179 Vt. 606 (describing regulatory procedure for § 401 certification in context of de novo appeal of a particular certification to the Water Resources Board). In issuing § 401 certifications, ANR therefore acts in a quasi-judicial capacity. As noted by Appellants, neither the Rules of Evidence nor the procedural requirements of the Vermont Administrative Procedures Act apply to § 401 certification decisions. This does not, however, alter the underlying nature of the certification decision. If anything, the laxity in ANR's procedural requirements in making certification decisions supports the need for a complete judicial review of the certification, if appealed, through a de novo hearing. Because the act or decision of ANR to deny, grant, or grant with conditions a § 401 water quality certification involves ANR performing a quasi-judicial function, de novo review of that decision is constitutional.

## Conclusion

The constitutional authority of the superior court to review the acts or decisions of an administrative agency includes the authority to conduct a de novo review of agency action that is quasi-judicial in nature. The certification required by § 401 of the Federal Clean Water Act,

3

issued by the Agency of Natural Resources, involves the exercise of a quasi-judicial function and therefore de novo review, required by 10 V.S.A. § 8504, by the Superior Court, Environmental Division, of those certifications is Constitutional. We therefore **GRANT** the Agency of Natural Resources' motion for judgment on the pleadings as to Question 10 of Appellants' Statement of Questions.

Appellants Questions 1-9, 11, 12, and 14 -16 remain at issue for trial.


Electronically signed on August 11, 2015 at 10:25 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division