VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 22-ENV-00038



| | |
|---|---|
| **622 Keyser Hill Road Conditional Use Appeal** | **DECISION REGARDING AMENDED STATEMENT OF QUESTIONS** |

This is an appeal of a decision by the Town of Barnet Planning/Zoning Board granting, in part and with conditions, a change of use/conditional use permit for the property located at 622 Keyser Hill Road, Saint Johnsbury, Vermont (the "Property").[1]  Applicants Michael and Jane Lawton ("Applicants") seek approval to operate a non-polluting commercial enterprise to provide seasonal overnight camping accommodations.  After the original Appellant, David Brody, withdrew from this action, interested party Gregory Jackmauh sought to maintain the appeal with respect to the issues raised in Appellant's Statement of Questions.  In a January 8, 2024, Entry Order, this Court granted summary judgment on eight of those Questions, in favor of the Applicants.  622 Keyser Hill Road Conditional Use Appeal, No. 22-ENV-00038, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 8, 2024) (Durkin, J.).  With respect to the remaining four Questions, the Court ordered Mr. Jackmauh to amend and clarify those Questions by citing to specific provisions in the Bylaws and permit application which give rise to a triable issue.  We further explained that, to the extent possible, the revised Questions must relate to the issues raised in the original Statement of Questions.

On January 20, 2024, Mr. Jackmauh filed an amended Statement of Questions which contained a two-page narrative, along with four Questions containing multiple sub-questions. Applicants filed an objection to the amended Statement of Questions, arguing that the amended Questions are unrelated to the issues raised by the original Appellant, and that they do not raise cognizable, triable issues.  In doing so, Applicants ask this Court to dismiss Questions 1 through 4 and consequently, this appeal.  For the reasons stated below, we agree that the amended Questions raise non-jurisdictional, non-triable issues, and therefore **DISMISS** Questions 1 through 4.

---

[1] The listed address for the Property says St. Johnsbury, but the Property is located in the Town of Barnet.

As a threshold issue, we are reminded that "the statement of questions should be a short, concise and plain statement that will establish the scope of the appeal, and ultimately, the scope of the issues for trial." In re Champlain Marina, Inc., No. 28-2-09 Vtec, slip op. at 1-2 (Vt. Envtl. Ct. July 31, 2009) (citation omitted). A Statement of Questions is not a mechanism for arguing the substance of one's claims. See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.) ("[D]etailed factual and legal information that goes beyond identifying the Questions and crosses over into arguing the merits . . . is misplaced in a Statement of Questions.") (citation omitted).

Because Mr. Jackmauh's amended Questions are so voluminous, we will not reproduce them within this Decision. Generally, the Questions make factual allegations or request information relating to the application that are more akin to discovery requests. Furthermore, many of the Questions fail to cite to any provision in the Bylaws or the permit application. Lastly, we decline to consider the narrative portion of Mr. Jackmauh's amended Statement of Questions, as it discusses the merits of his arguments and is therefore an improper use of a Statement of Questions.

Amended Question 1 contains 12 sub-questions, each of which is directed to the Applicants, asking about what activities will occur on the property. These sub-questions are not legal issues that the Court can resolve, but are instead questions framed as interrogatories for the Applicants. Sub-questions 7 and 8 are the only ones which refer to the Zoning Bylaws, and even so, they do not raise a cognizable issue relating to this application. Because these sub-questions are not directed to the Court, and because they do not raise any discernable issue for this Court to resolve, we hereby **DISMISS** amended Question 1 in its entirety.

Amended Question 2 contains 6 sub-questions, each of which asks about actions taken by the Zoning Board. Specifically, these Questions ask whether the Zoning Board was aware of unpermitted activities occurring on the Property, and whether the Board took steps to verify whether the application was true, accurate, and complete. These sub-questions ask the Court to review the Zoning Board's actions, which we cannot do. This appeal is de novo, meaning that we review the application "as though no action whatever has been held prior thereto." Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (citation omitted); 10 V.S.A. § 8504(h). Because Question 2, as amended, pertains exclusively to actions (or inaction) taken by the Zoning Board, we must **DISMISS** Question 2 in its entirety.

Amended Question 3 contains 8 sub-questions, each of which is unrelated to the application presently before the Court. Sub-question 1 asks about the Applicants' tax bill and does not cite to any provision in the bylaw or permit application. Sub-questions 2 and 3 ask about permitted uses in the Low Density Zoning District. This application is for conditional use approval, so it is unclear to the Court how these sub-questions relate to the pending application. Sub-questions 4 through 8 ask generally about how the proposed project should be classified. These questions were all answered in the Court's January 8, 2024, Entry Order, in which we determined that the proposed use is a non-polluting commercial enterprise, which is listed as a conditional

use in the zoning district in which the project is located. <u>622 Keyser Hill Road Conditional Use Appeal</u>, No. 22-ENV-00038, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Jan. 8, 2024)(Durkin, J.). Because these Questions have already been answered, we hereby **DISMISS** Question 3 in its entirety.

Lastly, Question 4 as amended asks whether the proposed glamping structures are prohibited because "they offer sleeping and living accommodations and are therefore NOT "non-residential" and NOT "commercial" enterprises and are NOT designated by the regulations as either a Permitted Use or a Conditional Use?" Amended Statement of Questions at 6, filed January 20, 2024. The Court is not entirely sure what this Question is asking. To the extent that it challenges how the proposed use should be classified, we again refer to our previous decision, which conclusively determined that the proposed project is a "non-polluting commercial enterprise." Therefore, we must **DISMISS** Question 4 as amended.

In reviewing Mr. Jackmauh's amended Statement of Questions, we conclude that none of the Questions raise triable issues for this Court to adjudicate. As a result, we must **DISMISS** Questions 1 through 4. In doing so, there are no remaining Questions before the Court.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed at Newfane, Vermont on Monday, April 15, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division