STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 73-5-14 Vtec |
| Hinesburg Hannaford Wetland<br>Determination | DECISION ON MOTIONS |

**Decision on Motion to Dismiss and Motion for Summary Judgment**

The pending appeal relates to development proposed by Martin's Foods of South Burlington, LLC (Applicant) on Lot 15 of the Commercial Park subdivision in the Town of Hinesburg, Vermont (the Town). Applicant proposes to construct a 36,000 square foot Hannaford grocery store and pharmacy with associated parking and site improvements. This development proposal requires multiple state and local land use permits and decisions, all of which, it seems, have been appealed to this Court. This appeal relates to a wetland determination made by the Vermont Agency of Natural Resources (ANR). A group of interested persons, Catherine Goldsmith, James Goldsmith, Jean Kiedaisch, John Kiedaisch, Chuck Reiss, Sally Reiss, Lindsay Hay, Brian Bock, Natacha Liuzzi, Mary Beth Bowman, Wendelin Patterson, Bethany Ladimer, Kate Schubart, Michael Sorce, Dark Star Properties, LLC, and Responsible Growth Hinesburg, an association of Hinesburg residents (Appellants), oppose the development and have appealed the ANR wetland determination to this Court. Appellants are represented in this appeal by attorney James A. Dumont. ANR is represented by attorney Leslie Welts. Applicant is represented by attorney Christopher D. Roy.

**Factual Background**

For the sole purpose of putting the pending motions into context the Court recites the following facts which are undisputed:

1.    Martin Foods of South Burlington, LLC seeks to construct of a new 36,000 square foot supermarket and pharmacy store; a new driveway, parking lot, and sidewalks; and new municipal water and sewer connections on Lot # 15 of the Commerce Park subdivision in the town of Hinesburg, Vermont (the Project).

1

2. The development includes an area of Lot # 15 that is designated as a Class II wetland. In order to develop the site, Applicant plans on filling in a portion of the wetland and implementing stormwater management systems and other mitigation.

3. At some time on or before February 4, 2013, Applicant petitioned the Vermont Agency of Natural Resources Department of Environmental Conservation (DEC) to reclassify the wetlands from Class II to Class III wetlands.

4. DEC deemed the petition complete on February 4, 2013.

5. No permit would be required for filling Class III wetlands, whereas Class II wetlands require a DEC permit before conducting any activity therein.

6. Appellants opposed reclassification by writing letters to DEC and participating in hearings before DEC through their attorney. DEC conducted several site visits with Applicant and its representatives but Applicant did not permit Appellants to enter the property for these visits.

7. At two public meetings Appellants were allowed to present expert testimony regarding the values served by the wetlands that they alleged would be harmed by the reclassification.

8. Appellants also submitted documents to DEC after the public hearings arguing why, under the Vermont Wetlands Rule, the wetlands at issue should remain designated as Class II wetlands.

9. On April 2, 2014, DEC issued a written decision granting Applicant's petition and reclassifying the wetland as Class III.

10. Appellants requested that DEC reconsider this decision, arguing that DEC had relied on information not provided to Appellants and that Appellants wanted that information in order to respond to the decision.

11. DEC denied the request to reconsider on May 7, 2014.

12. On May 27, 2014 Appellants appealed DEC's reclassification decision to this Court.

## Analysis

Appellants raise several questions in their Statement of Questions related this Court's jurisdiction to review the wetland reclassification and the constitutionality of such review. ANR

moved to dismiss those questions for failure to state a claim upon which relief can be granted, pursuant to Vermont Rule of Civil Procedure (V.R.C.P.) 12(b)(6). As ANR's motion asks the court to consider matters outside the pleadings, including a statement of facts presented with ANR's motion we treat the motion as one for summary judgment pursuant to V.R.C.P. 56. V.R.C.P. 12(b). Subsequently, Appellants moved for summary judgment on those same issues and presented their own statement of material undisputed facts and memorandum of law in support of their motion and in opposition to ANR's motion. Applicant filed a memorandum of law in support of ANR's motion and in opposition to Appellants' motion for summary judgment.

## I.     **Summary Judgment Standard**

We will grant summary judgment to a movant upon showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.

## II.     **Judicial Review of DEC Class II to Class III Wetland Reclassification**

In their Statement of Questions, Appellants raise three issues: first, whether the reclassification of wetlands from Class II to Class III is rulemaking, second, whether the separation of powers doctrine prohibits this Court from engaging in de novo review of wetland reclassification, and third, whether the wetland reclassification should be remanded to DEC to create a full and fair record in accordance with the Vermont Administrative Procedures Act due to procedural defects below.

### A.     Class II to Class III wetland reclassification.

Appellants' first argument is that the reclassification of wetlands is accomplished through administrative rulemaking and should therefore follow the procedural requirement for formal rulemaking, including the procedure for appeals, which must be brought in accordance with the Administrative Procedures Act.

We start with the statutory authorization for ANR's designation of wetlands. Title 10 V.S.A. § 914 sets out this authority. That section, titled Wetlands determinations, states:

3

(a) The Secretary may, upon a petition or his or her own motion, determine whether any wetland is a Class II or Class III wetland. Such determinations shall be based on an evaluation of the functions and values set forth in subdivisions 905b(18)(A) of this title and the rules of the Department.

(b) The Secretary may establish the necessary width of the buffer zone of any class II wetland as part of any wetland determination pursuant to the rules of the Department.

(c) The Secretary shall provide by certified mail written notice of a proposed determination to the owner of each parcel of land within or adjacent to the wetland or bovver zone in question; publish notice on the Agency website; and provide an electronic notice to persons who have requested to be on a list of interested persons. Such notice shall include the date of the Secretary's proposed determination and shall provide no fewer than 30 days from the date of the Secretary's proposed determination within which to file written comments or to request that the Secretary hold a public meeting on the proposed determination.

(d) The Secretary shall provide, in person, by mail, or by electronic notice, a written copy of a wetland determination issued under this section to the owner of each affected parcel of land and to the requesting petitioner.

(e) The Secretary may recommend to the panel that a wetland be classified as a Class I wetland under section 915 of this title.

10 V.S.A. § 914. Section 915 provides that:

The classification of any wetland as a Class I wetland, the reclassification of a Class I wetland as a Class II or III wetland, the reclassification of any Class II or Class III wetland as a Class I wetland, or the modification of the buffer zone of a Class I wetland shall be made by the department pursuant to the rulemaking provisions of 3 V.S.A. chapter 25.

10 V.S.A. § 915. Thus, under the statutory authorization for wetland determinations, only designation affecting or creating Class I wetlands are made pursuant to administrative rulemaking, whereas ANR may reclassify a Class II wetland as a Class III wetland acting on a petition or the Secretary's own motion.

Despite this clear statement from the legislature, Appellants rely on several Vermont Supreme Court cases decided prior to the adoption of these statutes to argue that all wetland designation must be done through rulemaking. The earlier of these cases involves a challenge to the Water Resources Board's (WRB) grant of a petition to reclassify a wetland from Class II to Class I. Lake Bomoseen Ass'n v. Vermont Water Res. Bd., 2005 VT 79, ¶ 6, 178 Vt. 375). In Lake Bomoseen, however, the Court determined that the statutory framework did not provide for

4

judicial review of the WRB decision, concluding that "[t]he statutory language leaves little doubt, however, that the Legislature intended the wetlands classifications process to be a rulemaking proceeding." Id. at ¶ 10. Discussing whether, "notwithstanding this legislative choice, the reclassification process [was] so inherently adjudicative that due process requires trial procedures," the Court considered three factors: "1) whether the inquiry is of a generalized nature, rather than having a specific, individualized focus; (2) whether the inquiry focuses on resolving some sort of policy-type question and not merely resolution of factual disputes; and (3) whether the result is of prospective applicability and future effect." Id. at ¶ 11 (quotations and internal quotation marks omitted). Applying these factors, the Court affirmed the trial court's conclusion that the wetland reclassification was rulemaking. Id. at ¶ 12.

In a more recent case, Sunset Cliff Homeowners Ass'n v. Water Resources Bd., a declaratory judgment action was brought in Washington Superior Court challenging the Water Resources Board's (WRB) decision denying a petition to reclassify wetlands from Class III to Class II. 2008 VT 84, ¶¶ 12–14, 184 Vt. 584. The Court in Sunset Cliff relied on the holding from Lake Bomoseen that "wetland reclassification was rulemaking." Id. at ¶ 13 (citing Lake Bomoseen Ass'n v. Vermont Water Res. Bd., 2005 VT 79, ¶¶ 12–13, 178 Vt. 375). Again, the Court relied on the fact that no statute provided for superior court review of a WRB wetland classification. Id. at ¶ 15 ("The superior court simply does not have jurisdiction to grant the relief Sunset Cliffs seeks in its complaint: a declaration that the WRB's determination not to reclassify the wetland was erroneous . . . . '[T]he superior court is not a higher environmental agency entrusted with the power to make environmental law and policy de novo or with the power to apply the policy it develops to the facts it finds.'" (quoting Conservation Law Found. v. Burke, 162 Vt. 115, 126 (1993))).

In adopting 10 V.S.A. §§ 914 and 915, the Legislature codified its determination that reclassifications other than Class I wetlands are not rulemaking. Applying the factors from Lake Bomoseen to the reclassification of Class II and Class III wetlands, we support this conclusion: the inquiry before the Court is not of a generalized nature, it has a specific, individualized focus on the particular wetlands on Lot # 15, and it does not focus on the resolution of some sort of policy type question, but on the resolution of factual disputes to which the statute and Wetland

5

Rules are applied. Even though the result of this inquiry is of prospective applicability and will affect future land uses, the effect on adjacent landowners does not require a finding that the reclassification is rulemaking rather than adjudicative. See Lake Bomoseen, 178 Vt. at 381.

The text of the statutes themselves support this finding. The statutory framework for an appeal of this is the type of act or decision of the Secretary specifically provides for de novo review of that Agency decision. 10 V.S.A. § 8504(h) ("The Environmental Division, applying the substantive standards that were applicable before the tribunal appealed from, shall hold a de novo hearing on those issues which have been appealed . . . ."). Additionally, the statute provides that any act or decision made under § 914 "may be appealed in accordance with chapter 220 of this title," which includes § 8504. 10 V.S.A. § 917.

This review is also made expressly clear by the Vermont Wetlands Rules, which provide for the Secretary of ANR to determine whether a wetland is Class II or Class III, provides for a request to reconsider such a determination, and states that "[t]he Secretary's written reconsideration decision shall constitute a final act or decision of the Secretary, subject to appeal pursuant to 10 V.S.A. § 8504 and Section 10 of these Rules." Vermont Wetlands Rules, § 8, Code of Vt. Rules 12 004 056, available at http://www.lexisnexis.com/hottopics/codeofvtrules. Section 10 of the Vermont Wetlands Rules states simply: "Appeals from any act or decision of the Secretary under these rules are governed by 10 V.S.A. § 8504." Id. Thus, in addition to the test from Lake Bomoseen, the statute and Rules clearly establish that although wetlands determinations to or from Class I wetlands require rule making, determinations related only to Class II and Class III wetlands do not. The determination of the Secretary appealed to this Court was, therefore, not rulemaking and de novo appeal is appropriate.

B.    Constitutionality and need for remand

Furthermore, this Court's review of acts or decisions of the Secretary of ANR does not violate the separation of powers doctrine. The Supreme Court has held that, in the context of zoning decisions, as long as the decision on appeal involved a "quasi-judicial function," defined as "applying the law to the facts," de novo judicial review of that decision is constitutional. Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11–13 (1989). This Court is tasked with applying the

substantive standards applicable before ANR, here 10 V.S.A. §§ 914, 905b and the Vermont Wetlands Rules, to the facts. This requires the Court to find facts regarding the specific wetland at issue and apply the law to those facts. As noted above, the decision to reclassify a wetland from Class II to Class III or vice versa is not rulemaking but is an act or decision of ANR subject to this Court's de novo review. This does not violate any separation of powers and is therefore constitutional.

C.     Procedural defects below

Finally, regarding Appellants' objections to the process before ANR, those procedural defects are cured by de novo review in this Court. We note that although Appellants object to not receiving some of the information Applicant provided to ANR, Appellants were provided with ample opportunity to present their evidence and opinions to ANR prior to ANR's determination. None of the alleged procedural defects are the type of fundamental structural errors that cannot be cured by de novo review. See In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶¶ 10–13, 190 Vt. 259 (holding that all but the most "structural" procedural errors are cured by subsequent de novo review). We therefore deny Appellants' request to remand for development of a further record for review by this Court. See Chioffi, 151 Vt. at 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'" (quoting In re Poole, 136 Vt. 242, 245 (1978))).

III.    **ANR's Motion to Clarify Appellants' Question 2**

ANR also moves to require Appellants to clarify Question 2 of their Statement of Questions. Question 2 asks: "Under any form of judicial review of this reclassification of a wetland from Class 2 to Class 3, can applicant satisfy its burden of proof and is the reclassification lawful under: a. Vermont's wetland statutes; b. Vermont's wetlands regulations; and c. the public trust doctrine?" The Statement of Questions performs a similar function to a civil complaint and requires only a "short, concise and plain statement that will establish the scope of the appeal, and ultimately, the scope of the issues for trial." In re Rivers Development, LLC, Nos. 7-1-05 Vtec, 68-3-07 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.). A Statement of Questions must not, however, be overly vague and must put the other parties on notice of the specific reasons for the challenge. See id.; In re Unified Buddhist Church, Inc.,

7

Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct., May 11, 2007) (Wright, J.). This enables the parties and the Court to focus on the issues in controversy rather than any and all statutes or regulations that might apply.

Appellants' Question 2(a) and 2(b) do not satisfy this requirement. We note that Appellants' Question 3 addresses many specific provisions of the statutes and regulations referenced in Questions 2(a) and 2(b). If there are additional specific statutory or regulatory provisions that Appellants desire the Court to address in this wetland reclassification beyond those listed in Question 3 Appellants must state them. ANR's motion to clarify Appellants' Question 2 is **GRANTED**. If Appellants' fail to file an amended Question 2(a) and (b) within **15 days** of this decision those parts of Question 2 will be dismissed.

## Conclusion

ANR's wetland determinations presently on appeal to this Court are not rulemaking but are acts or decisions of the Secretary of ANR and are thus properly subject to de novo review by this Court. Such review does not violate the separation of powers doctrine and is constitutional. Finally, the alleged procedural defects in the proceedings before ANR are cured by de novo review in this Court, and therefore, no remand is necessary. For these reasons we **GRANT** ANR's motion for summary judgment regarding Appellants' Questions 1.A, 1.B, 1.C, and 1.D, and 1.E. We also **GRANT** ANR's motion to clarify Appellants' Question 2 and require Appellants to amend Questions 2(a) and 2(b) to add specificity. Failure to do so within **15 days** of this decision will result in dismissal of those parts of Appellants' Question 2.

Electronically signed on March 04, 2015 at 04:06 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

8