**In re Appeal of Robert and Marie GABORIAULT, et al. (Milton Town School District, Appellant)**

[704 A.2d 1163]

No. 97-007

---

November 14, 1997. The Milton Town School District appeals from a decision of the Environmental Court that denied

site-plan approval for a new school addition and parking lot and denied conditional-use approval for the parking lot. The District argues that the court erred (1) by considering the impact of the parking lot on the neighbors rather than on the character of the general area, (2) by failing to give any deference to municipal policies supporting the location of the parking lot, and (3) by finding no special circumstances that warrant site-plan waivers of parking-lot requirements.[*] We affirm.

The Milton Town School District currently operates two elementary schools. The Herrick Avenue School serves grades K-4, and the School Street School serves grades five and six. The School Street School is outdated, and the District has decided to consolidate the two schools by expanding the Herrick Avenue School to accommodate grades five and six. The site consists of two parcels of land, a 30.9-acre parcel on the east side of Herrick Avenue and a smaller parcel directly across from it on the west side. The K-4 school is located on the east side of the street, along with two parking lots, playgrounds, athletic fields and open areas. On the west side, there is a baseball field and an open area.

The District proposed an extension to the current K-4 building covering most of the current parking lot. The western parcel is the proposed location of the new parking lot. Both parcels are in the high-density residential zoning district of the town, which allows schools as a conditional use. Town of Milton Zoning Regulations § 303. Accordingly, the District

applied to the Milton Zoning Board of Adjustment (ZBA) for conditional-use approval. See 24 V.S.A. § 4407(2). The District also applied to the Milton Planning Commission for site-plan approval. See id. § 4407(5). The ZBA approved the conditional use, and the Commission approved the site plan.

Neighbors are nineteen residents of Village Meadows, a residential development located adjacent to and west of the proposed new parking lot. They appealed the decisions of the ZBA and the Planning Commission to the Environmental Court. See id. §§ 4471, 4475. Following a de novo trial, the court denied site-plan approval for the addition, the bus and parent drop-off and the parking lot on the west side of Herrick Avenue. The court also denied conditional-use approval for the parking lot. The District appeals.

The District first argues that the court erred in its conditional-use review by concluding that the location of a parking lot could adversely affect the character of the area. To approve a conditional use, the court must find that the proposed conditional use shall not adversely affect "[t]he character of the area." Id. § 4407(2)(B); see Town of Milton Zoning Regulations § 500.2. The court found that the school addition would not adversely affect the character of the area, which is composed of a school and playing fields surrounded by residential neighborhoods. On the other hand, the court found that the parking lot intruded into the residential neighborhood on the west side of Herrick Avenue and would adversely affect the residential character of that neighborhood; it found that the increase in noise, lights and vehicle exhaust would affect the whole neighborhood.

The District contends that the court construed "area" too narrowly. It maintains that the court should focus on the entire high-density residential zoning district rather than on the immediate neighbors. Under the District's construction,

---

[*] In its brief, the District also argued that the court erred by rejecting the site plan for bus and parent drop-off areas. At oral argument, the District indicated that it was not pursuing the issues pertaining to the site plan for the east side of Herrick Avenue, in particular the site plan for the bus and parent drop-off areas. Thus, we do not address the issue.

locating a school parking lot anywhere on the District's two parcels would not affect the.character of the high-density residential zone because it already contains a school and two school parking lots.

We note that the zoning regulation differs from the statute. Compare 24 V.S.A. § 4407(2)(B) ("character of the area *affected*") with Town of Milton Zoning Regulations § 500.2 ("character of the area"). The municipal regulation must be read to follow the requirements of § 4407(2), "and those requirements will govern whether or not they are expressly set forth." *In re Walker*, 156 Vt. 639, 639, 588 A.2d 1058, 1059 (1991) (mem.). Thus, the court was required to consider the character of the *area affected*. In this light, we cannot conclude that the court's finding — that the proposed parking lot would adversely affect the character of the residential neighborhood — was clearly erroneous; the residential neighborhood is the area that would be affected. See *In re Meaker*, 156 Vt. 182, 185, 588 A.2d 1362, 1363 (1991) (we will uphold court's finding of adverse effect unless clearly erroneous).

Second, the District argues that the court acted as a super planning commission in violation of *Chioffi v. Winooski Zoning Bd.*, 151 Vt. 9, 556 A.2d 103 (1989), by failing to give any deference to the municipal policies that support the site plan and were adopted by the Planning Commission. The District contends that the court erred by failing to consider that the plan was designed to enhance student safety — by separating parking from student population — and to preserve municipal resources — by sparing existing athletic fields. On appeal from a planning commission decision, neighbors were entitled to a de novo trial before the environmental court. See 24 V.S.A. § 4472(a). For a de novo trial, the court must approach a case as if it were the planning commission, without regard to what has been done before the planning

commission. *In re Stowe Club Highlands*, 164 Vt. 272, 275, 668 A.2d 1271, 1274 (1995). Contrary to the District's claim, *Chioffi* explicitly states that the court is not required to give deference to the decision of a local zoning board. 151 Vt. at 11, 556 A.2d at 105. We find no error.

Third, the District claims the court erred by finding that no special circumstances warranted the requested site-plan waivers from parking-lot regulations. The Town of Milton Zoning Regulations set forth the number of parking spaces required for specific uses and various other parking-lot requirements such as size of parking spaces and width of aisles. See Town of Milton Zoning Regulations §§ 810-817. Section 817.1 states, however: "The Planning Commission may alter the number of parking spaces and other requirements of this Section when justified in its judgment by special circumstances." The court found no evidence of any "special circumstances" that would justify alterations from the regulatory requirements. The court concluded that the waivers were necessary only because the District decided to build the parking lot on the west side of Herrick Avenue, an area that is not large enough to accommodate a parking lot in compliance with the regulations.

We will uphold the trial court's construction of a zoning regulation unless it is clearly erroneous, arbitrary or capricious, *In re Stowe Club Highlands*, 164 Vt. at 280, 668 A.2d at 1277, and findings of fact unless clearly erroneous. *Meaker*, 156 Vt. at 185, 588 A.2d at 1363. The District maintains that the municipal policies relating to student safety and preserving recreational resources are special circumstances that necessitate the requested waivers. It also claims that the reduced number of parking spaces and reduced size were intended to minimize the impact on neighbors, and screening was limited to minimize vandalism. There is no clear error in the court's finding

these factors do not constitute "special circumstances," justifying waivers. There was no evidence to show that a conforming lot would jeopardize student safety and recreational resources. The policies may be sound, but the District did not show that the nonconforming lot promoted these policies any more than a conforming lot would. Based on the evidence presented, the location of the parking lot on the west side of Herrick Avenue was the only reason that waivers were necessary.

*Affirmed.*