2015 VT 63

**In re PRB DOCKET NO. 2014.133**

[136 A.3d 564]

No. 14-378

▬▬▬▬▬▬▬▬▬▬

¶ 1. April 9, 2015. Upon review of the hearing panel decision in this matter, the Court concludes as follows: The decision presents a well-reasoned discussion and resolution of a problem common in legal practice, particularly for small firms and solo practitioners. Accordingly, the Court orders review of the decision on its own motion, adopts the hearing panel decision in its entirety as a final order of this Court, waives briefing and oral argument, and orders that the decision be published in the Vermont Reports.

STATE OF VERMONT
PROFESSIONAL RESPONSIBILITY
BOARD

---

In re PRB File No. 2014.133

Decision No. *179*

The parties filed an original Stipulation of Facts together with Recommended Conclusions of Law and a Recommendation for Sanctions on May 6, 2014. Respondent waived certain procedural rights including the right to an evidentiary hearing.

Respondent was originally charged with the following violations of the Vermont Rules of Professional Conduct.

1. Rule 1.15A(a)(1-4). Respondent failed to maintain adequate trust account records.
2. Rule 1.15(b)(1). Respondent kept approximately $150.00 of his own funds in his trust account.
3. Rule 1.15A(a). Respondent kept funds that he held in a fiduciary capacity in his trust account.

The panel accepts the stipulated facts and recommended conclusions of law with respect to the violation of Rule 1.15A(a)(1-4) and orders that Respondent be admonished by Disciplinary Counsel and placed on probation under the terms set forth below.

The charge of violation of Rule 1.15(b), for holding approximately $150.00 of his own money in his trust account, is dismissed by the hearing panel. The charge of violation of 1.15A(a) has been dismissed by Disciplinary Counsel.

### Facts

Respondent is licensed to practice in Vermont and was admitted in 2006. In November of 2013, Respondent's trust account was selected for audit as part of Disciplinary Counsel's audit program. A Certified Public Accountant (CPA) performed the audit for compliance with Rules 1.15 through 1.15B of the Vermont Rules of Professional Conduct for the period April 30, 2011, through October 31, 2013, and provided a written report to Disciplinary Counsel. As a result of the audit, Disciplinary Counsel opened an investigation into Respondent's trust account management.

The CPA found the following material noncompliance with the rules during this period.

1. Respondent did not maintain complete records of trust account funds.
2. Respondent left $151.57 of his own money in the trust account. This money represented collected fees owed to Respondent that he chose not to disburse to himself in order to have funds available in the account to pay bank service charges.
3. Respondent did not maintain a record for each client or person for whom property was held showing all receipts and disbursements and running account balances.
4. Respondent did not reconcile his trust account to his monthly bank statement.
5. Respondent deposited funds related to an estate into his IOLTA account rather than a separate fiduciary account.

The CPA also found that Respondent did not provide notice to his clients when receiving funds in which the client had an interest. It was, however, determined after investigation that while there was no written notice, Respondent was in contact with the clients on a regular basis and they were aware that the funds had been deposited in Respondent's trust account.

Respondent has advised Disciplinary Counsel that he has instituted new policies to ensure compliance with the trust account rules in the future.

1. He is installing new accounting software that will allow him to keep his trust account records in a central location and better organized. He will be able to easily identify funds by client and matter number.
2. He has sought the assistance of an experienced attorney to review his

trust account procedures and to provide assistance and guidance.

3. He is taking greater advantage of digital services offered through his bank.

4. He has met with Disciplinary Counsel to further his understanding of the requirement of the Rules of Professional Conduct.

Respondent does not routinely handle estate matters, but was asked to assist a local nonprofit that received two separate insurance payouts. When Respondent received the funds he placed these funds in his trust account.

Respondent's client funds 'were never improperly used or in jeopardy and there is no evidence that any client or third party was injured as a result of the violations.

There are a number of mitigating factors present. Respondent has no prior disciplinary record; he had no dishonest or selfish motive; he has made a timely and good faith effort to rectify the consequences of his misconduct; has cooperated with the disciplinary proceedings and suffers from a physical disability. In late 2011, Respondent was diagnosed with a serious and chronic illness.

## Conclusions of Law

### Rule 1.15A(a)(1-4)

Under Rule 1.15A(a) the lawyer's trust accounting system must include:

(1) a system showing all receipts and disbursements from the account or accounts with appropriate entries identifying the source of the receipts and the nature of the disbursements;

(2) a record for each client or person for whom property is held, which shall show all receipts and disbursements and carry a running account balance;

(3) records documenting timely notice to each client or person of all receipts and disbursements from the account or accounts; and

(4) single source for identification of all accounts maintained as required in this rule.

We find a violation of this rule. Respondent failed to maintain complete records of his trust accounts. He did not maintain a record for each client for whom he was holding property showing all receipts and disbursements and a running account balance. He failed to reconcile his trust account to bank and client balances.

### Rule 1.15(b)

Rule 1.15(b) of the Rules of Professional Conduct provides that:

A lawyer may deposit the lawyer's own funds in an account in which client funds are held for the sole purpose of paying service charges or fees on that account, but only in an amount necessary for that purpose.

At the time of the audit, Respondent held $157.57 of his own money in his trust account that he had left there specifically for the purpose of paying bank service fees. The rule provides no guidance as what is an appropriate amount, and we would imagine that the amount would vary depending on the size of the firm and the type of practice. In general, the trust account rules are specific, and a diligent attorney is able to maintain his or her accounts in accordance with the rules. Rule 1.15(b) provides neither an appropriate dollar amount nor a method for its calculation. We believe that before attorneys are disciplined under this rule for holding small amounts of money in their trust accounts, they need specific standards. We also believe that this lack of guidance is better remedied by rule change than by panel decision.

A recent hearing panel decision found that the deposit of $1000.00 for purposes of paying bank fees was excessive. *In re PRB Decision No.163* (2013). We would agree that this may be an excessive amount, but we are not prepared to find that the sum of $157.57 violates the rule and this charge is dismissed.

### Rule 1.15A(a)

This rule provides that "[a]n account in which funds are held that are in the lawyer's possession as a result of a fiduciary relationship that arises in the course of a lawyer-client relationship or as a result of a court appointment shall be clearly identified as a 'fiduciary' account." The original stipulation of facts was unclear as to the exact nature of Respondent's relationship with the nonprofit for which he held funds, and the panel ordered the parties to provide additional information. On January 13, 2015, Deputy Disciplinary Counsel informed the panel that she did not have sufficient facts to support this violation and would dismiss this charge. The panel would have preferred to receive the additional facts and to have been able to make its own determination on this violation. In discussing the requirement for decisions in admonition cases, Administrative Order 9, Rule 8(A)(5)(b) requires that "[a] summary of the conduct for which an admonition was imposed shall be published for the education of the profession." The dismissal of this charge by Deputy Disciplinary Counsel has prevented the panel from fulfilling this secondary obligation to educate and inform the bar.

### Sanctions

The parties have joined to recommend that Respondent be admonished by Disciplinary Counsel and placed on probation for a one-year period. This is consistent with both the ABA Standards for Imposing Lawyer Sanctions and prior Vermont cases and we adopt the recommendation.

Section 4.14 of the ABA Standards provides that admonition "is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client."

Respondent was negligent in his failure to follow the trust accounting rules. There was no actual injury to any client and little potential for injury.

In addition there are a number of mitigating factors. Respondent has no prior disciplinary record, ABA Standards § 9.32(a); he had no dishonest or selfish motive, ABA Standards § 9.32(b); he has made a timely and good faith effort to rectify the consequences of his misconduct by improving his record keeping, ABA Standards § 9.32(d); he has cooperated with the disciplinary proceedings, ABA Standards § 9.32(e) and suffers from a physical disability, ABA Standards § 9.32(h). There are no aggravating factors.

There have been a number of recent trust account cases resulting in admonition that are similar to the present case. In these cases, the attorney's failure to follow the rules is typically brought to Disciplinary Counsel's attention by trust account audits, attorney's responses to the annual trust account survey and by overdraft notices sent to Disciplinary Counsel when attorneys have failed to confirm the receipt of funds in real estate transfer cases.

In all of these cases, the attorney's mental state has been one of negligence. There has been little or no harm and an immediate and good faith effort to remedy the violation of the rules. Disciplinary Counsel has routinely recommended admonition, and hearing panels have so ordered.

Both *In re PRB Decision No. 163* (2013) and *In re PRB Decision No. 167* (2014) arose out of trust account audits by Disciplinary Counsel and are similar to the present case. The attorneys were

negligent in failing to follow the rules, no clients were harmed and both had a misunderstanding of the law.

*In re PRB Decision No. 147* (2012) and *In re PRB Decision No. 171* (2014) arose out of the attorneys' failure to insure that funds needed for a real estate transaction had been deposited in the trust account used for the payouts on the transaction. These were isolated instances with no injury to clients and quick action on the part of the attorneys to rectify the deposit errors.

The parties have recommended that we impose probation in this matter in order to insure that Respondent's trust accounting system remains in compliance with the trust account rules. One of the goals of the lawyer discipline system is "to protect the public from harm and to maintain confidence in our legal institutions by deterring future misconduct." *In re Hunter*, 167 Vt. 219, 226, 704 A.2d 1154, 1158 (1997). We agree that in this case probation is an appropriate way to protect the public and we impose probation for a period of one year pursuant to the conditions set forth below.

We share the concern raised by the hearing panel in *In re PRB Decision No. 181* (2014) that minor trust account violations might be better handled through the Assistance Panel process rather than the disciplinary process. While there was clearly a violation in this case, it was minor. There was no injury to clients or third parties and Respondent has instituted procedures to insure compliance in the future. In addition, we suspect that on-going consultation with an assistance panel might be a more efficient way of insuring Respondent's compliance with the rules than probation that must be monitored by Disciplinary Counsel.

## Order

Respondent shall be admonished by Disciplinary Counsel for violation of Rule 1.15A(a)(1-4) of the Vermont Rules of Professional Conduct and placed on probation pursuant to Administrative Order 9, Rule 8(A)(6).

The charge of violation of Rule 1.15(b) is dismissed.

The charge of violation of Rule 1.15(A) has been dismissed by Disciplinary Counsel.

## Probation

1. The term of probation shall be for a period of twelve months, commencing on the date upon which the decision in this matter becomes final.

2. An experienced attorney shall oversee Respondent's trust account and related record keeping during the course of his probation (the probation monitor). Disciplinary Counsel shall approve respondent's choice of probation monitor.

3. Respondent shall take appropriate steps to address client confidentiality.

4. During the term of probation, Respondent shall meet with his monitor at least once every four weeks to discuss issues related to his trust account. At each meeting, Respondent shall review his trust account records with the monitor.

5. If the monitor has any concerns about Respondent's trust account or record keeping, he or she shall share those concerns with the Office of Disciplinary Counsel in a timely manner.

6. The monitor shall make any suggestions to Respondent that he or she thinks are warranted or advisable, and Respondent shall give due consideration to any such suggestions.

7. If Respondent misses a scheduled meeting without notifying his monitor in advance, or if Respondent goes more than eight weeks without meeting his monitor, the monitor shall report this fact to Disciplinary Counsel. Failure to meet with his monitor on a regular basis shall constitute a violation of probation.

8. Respondent shall permit and authorize his monitor to respond to Disciplinary Counsel's request for information relating to Respondent's compliance with his probation.

9. Respondent shall secure from his monitor a brief report summarizing each meeting, including any recommendation made by the monitor, and Respondent shall file a copy with Disciplinary Counsel within thirty days of each meeting. (It is acceptable for the monitor to send, or email his or her report directly to Disciplinary Counsel.) The report may be in the form of a letter to Disciplinary Counsel outlining the date of the meeting, the topics covered, and the monitor's judgment as to whether Respondent is handling his trust account in a manner consistent with the Rules of Professional Conduct.

10. Respondent shall bear any costs related to his compliance with the terms of his probation. In particular if the monitor charges for his or her time, Respondent shall be responsible for the cost of that time.

11. In the event that the monitor is unable to continue to serve, Respondent shall immediately notify Disciplinary Counsel and, as soon as possible, find a replacement. Disciplinary Counsel must approve respondent's choice of a replacement. If Respondent is not able to secure a new monitor within eight weeks of the departure of his monitor, Respondent shall be considered in violation of his probation.

12. Respondent's probation shall be renewed or terminated after twelve months as provided in A.O. 9, Rule 8(A)(6).